STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v. ROBERT R. BLAIR, DEFENDANT-RESPONDENT.

Argued May 18, 1965—Decided June 14, 1965.

*Mr. Morris Yamner,* Deputy Attorney General, argued the cause for appellant (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney; *Mr. Yamner,* of counsel and on the brief).

*Mr. Archie Roth* argued the cause for respondent.

PER CURIAM. On April 15, 1964 defendant was convicted in a municipal court of driving, on February 21, 1964, while under the influence of intoxicating liquor in violation of *N. J. S. A.* 39 :4–50 and reckless driving in violation of *N. J. S. A.* 39 :4–96.

Defendant appealed to the county court and pursuant to *R. R.* 3 :10–10 a trial *de novo* was started. On motion of defendant, the county court struck and suppressed plaintiff's testimony pertaining to the taking of defendant's blood for the purpose of determining sobriety. The trial was continued in order to give plaintiff an opportunity to seek a review of that ruling.

Plaintiff thereafter appealed pursuant to leave granted by the Appellate Division. We certified the cause before oral argument was there had.

As we view this appeal, the sole issue before us is whether the trial court correctly ruled that the State must affirmatively prove on direct examination that before the blood specimen was taken the defendant was advised of his constitutional rights, *i. e.,* the privilege against self-incrimination. In other words, under the trial court's ruling, a blood test is inadmissible, on constitutional grounds, unless the State affirmatively proves that defendant was advised of his right not to submit to the test.

We have previously ruled that the privilege against self-incrimination is inapplicable to examinations which are non-testimonial in character. In *State v. King,* 44 *N. J.* 346, 357

(1965), where a voice demonstration was involved, Mr. Justice Proctor for the Court stated:

"* * * Historically, the privilege against self-incrimination originated as a reaction to the practice in the early English courts of compelling a witness to be sworn and give testimony concerning his guilt or innocence. See 8 *Wigmore, Evidence* § 2250 (*McNaughton rev.* 1961) and Weintraub, 'Voice Identification, Writing Exemplars and the Privilege Against Self-Incrimination,' 10 *Vand. L. Rev.* 485, 486–490 (1957). In the light of this history the text writers and the overwhelming majority of the courts have limited the scope of the privilege to what *Wigmore* characterizes as 'testimonial compulsion,' *i. e.,* 'compulsion to do those things which a witness would by traditional judicial processes be required to do.' *McCormick, Evidence* § 126 and cases cited therein (1954). 8 *Wigmore, op. cit. supra* § 2263; *Maguire, Evidence of Guilt* § 2.04 (1959); and Weintraub, *supra.*"

The opinion went on to state that certain types of examination or inspection are outside the scope of the privilege because nontestimonial in character, giving as examples, fingerprinting, photographing, examination of the body of a person for identifying characteristics and drunkometer tests and blood tests.

Other authorities similarly hold that the extraction of a defendant's blood, rather than being testimonial, is, like a voice demonstration, objective or demonstrative in nature, *i. e.,* a physical test. See *e. g., State v. Alexander,* 7 *N. J.* 585 (1951) *cert.* denied 343 *U. S.* 908, 72 *S. Ct.* 638, 96 *L. Ed.* 1326 (1952); 8 *Wigmore, Evidence* § 2265 (*McNaughton rev.* 1961); 1 *Conrad, Modern Trial Evidence* § 159 (1956); *McCormick, Evidence* § 126 (1954); *Donigan, Chemical Tests and The Law,* 124 (The Traffic Institute, Northwestern Univ. 1957).

In *Breithaupt v. Abram,* 352 *U. S.* 432, 77 *S. Ct.* 408, 1 *L. Ed. 2d* 448 (1957) a specimen of blood was taken from an unconscious defendant. The Court, in holding that there was no violation of his privilege against self-incrimination, stated (at *pp.* 435–436, 77 *S. Ct.,* at *p.* 410):

"To be sure, the driver here was unconscious when the blood was taken, but the absence of conscious consent, without more, does not

*necessarily render the taking a violation of a constitutional right;
\* \* \*."*

■■ We hold that as the taking of blood is not covered by the privilege against self-incrimination, a defendant need not be informed that, because the results may be used against him, he can refuse to allow the test. The trial court therefore committed reversible error.

■ We note *N. J. S. A.* 39:4–50.1 which requires that express consent be given by defendant before a blood specimen can be taken from him. This requirement is apart from the issue here on appeal and must be met.

Reverse and remand.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, HALL, SCHETTINO and HANEMAN—6.

*For affirmance*—None.