100 N.J. Super. 350 (1968)
241 A.2d 865
STATE OF NEW JERSEY
v.
EZANE TOLBERT, DEFENDANT.
Superior Court of New Jersey, Middlesex County Court, Criminal Division.
Decided April 4, 1968.
*351 Mr. Ronald S. Kolsky for defendant (Messrs. Bahr and Kolsky, attorneys).
*352 Mr. Peter J. Schwartz, Assistant Prosecutor, for the State of New Jersey (Mr. Edward J. Dolan, Middlesex County Prosecutor).
SEIDMAN, J.C.C.
Pursuant to R.R. 3:2A-6(a), defendant seeks to suppress evidence of a blood test and the results thereof in a case pending against him in the North Brunswick Township Municipal Court for driving while under the influence of intoxicating liquor.
The facts are not in substantial dispute and can be stated concisely. On December 10, 1967, at approximately 5:30 P.M., a pickup truck operated by the defendant ran off the road and collided with an adjacent concrete abutment. While rescue squad personnel were removing the defendant from behind the steering wheel and placing him in an ambulance, the investigating police officer detected an odor of alcohol on his breath. Later, in the hospital emergency room, the officer unsuccessfully sought to elicit details of the accident from the defendant, who was stuporous and semi-conscious and apparently could not recall or relate what had happened. When the officer informed the defendant of his intent to have a blood sample taken because of his belief that the defendant had been drinking, the response was only a grunt. A physician explained the procedure in detail to the defendant, he was propped up and a pen placed in his hand, and he signed a form of consent for the blood test. The defendant showed only a slight awareness of what was going on and did not respond verbally. A specimen of blood was then extracted for the purpose of determining the alcoholic content. The result of the test is not disclosed.
Defendant does not claim that the taking of the blood sample was a constitutionally illegal search and seizure, and the record does not suggest that the procedure utilized to measure the blood-alcohol level was unreasonable. See Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.ed.2d 908 (1966). He contends his statutory rights were infringed in that he did not knowingly and *353 voluntarily consent to the extraction of the blood, and he was not under arrest at the time. The prosecutor concedes the physical and mental inability of the defendant to give a rational consent to the test. His position is that the blood test was reasonably incident to an arrest and no consent was necessary in the circumstances.
It is settled that the taking of specimens of bodily substances for the purpose of making chemical tests to determine blood alcohol content constitutes a search of the suspect and antecedently depends upon a valid seizure of his person. State v. Swiderski, 94 N.J. Super. 14 (App. Div. 1967); State v. Harbatuk, 95 N.J. Super. 54 (App. Div. 1967). Although defendant's assertion that no arrest had taken place seems inconsistent with his concession that his constitutional rights had not been invaded; the court, in any event, is satisfied that the defendant's detention at the hospital, in the then existing circumstances, was justified, irrespective of whether such detention was technically an arrest; or, if it was, whether the arrest was invalid because it was without a warrant, the alleged offense not having been committed in the officer's presence. N.J.S.A. 39:5-25. Although the defendant does not raise the issue of arrest without warrant, I deem it advisable to consider the point sua sponte, in view of the recent case of State v. Gillespie, 100 N.J. Super. 71 (App. Div. 1968), decided after the instant matter was heard.
Gillespie involved an appeal from a conviction of driving a motor vehicle while under the influence of intoxicating liquor. The facts were that the police officer who came to the scene of a collision between the defendant's automobile and a parked car observed the defendant leaning against the car which had been struck. After interrogation, the defendant was arrested for drunken driving. One of the arguments presented was that all the incriminatory evidence elicited after the arrest was the fruit of an illegal arrest. Although the court accepted the premise that a warrant was required for the arrest, since the alleged violation was not in the *354 presence of the officer, the conviction was, nevertheless, affirmed. The following excerpt from the court's opinion is pertinent:
However, we conclude that notwithstanding the technical invalidity of the arrest, the subsequent enforced subjection of the defendant to examination for intoxication was justified as an emergency measure to assure the State against loss of evidence of defendant's guilt of an offense which, although not graded a crime, is of a kind which poses an extremely grave menace to the public safety and welfare.
Had the police officer refrained from immediate apprehension and subjection of defendant to physical examination, in order to accommodate the requirement that he first procure an arrest warrant, defendant might have absented himself until a time when his symptoms of inebriation were gone or had become minimal. Just as in Schmerber v. State of California, supra, where the involuntary taking for testing of the blood of an arrested suspect of drunken driving was sustained as an emergency measure notwithstanding the court was not satisfied that the act could be justified as a search incidental to an arrest, "[t]he officer in the present case * * * might reasonably have believed that he was confronted with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened `the destruction of evidence.'" (Id., 384 U.S., at 770, 86 S.Ct., at 835). What in Schmerber was thus held, for emergency reasons, a justified transgression beyond the normal scope of a search incident to an arrest, is by unexceptionable analogy here authoritative to justify a forced examination of a person reasonably believed to be under the influence of intoxicating liquor notwithstanding the absence of a technical foundation for an arrest, as such. It does not appear that defendant was confined any longer than was necessary to conduct the examination. The totality of circumstances made the seizure "reasonable." Cf. State v. Boykins, 50 N.J. 73, 78 (1967).
The more substantial issue raised by the defendant is whether the conceded lack of consent rendered the blood test invalid for other than constitutional reasons. It should be observed that, in the case of Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 1 L.ed.2d 448 (1957), involving a test based on a sample of blood taken, at the request of a police officer, by a physician from the accused while the latter was unconscious, it was held that the absence of conscious consent, without more, did not necessarily render the taking a violation of a constitutional right.
*355 Defendant contends that the consent requirement is statutory, and he cites in support of his position the cases of State v. Blair, 45 N.J. 43 (1965) and State v. Swiderski, supra. In Blair, the court commented, in passing, "We note N.J.S.A. 39:4-50.1 which requires that express consent be given by defendant before a blood specimen can be taken from him. This requirement is apart from the issue here on appeal and must be met." Swiderski held that the Legislature, prior to amending N.J.S. 39:4-50.1 in 1966, expressly required consent as a condition precedent to any chemical test or analysis for drunkenness.
There is no doubt that the language of the former statute specifically required such consent. As it was then worded, N.J.S. 39:4-50.1 created certain presumptions arising from the amount of alcohol in a defendant's blood as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance; and specifically stated that "No chemical analysis, as provided in this section, or specimen necessary thereto, may be made or taken unless expressly consented to, or requested by, the defendant." The 1966 amendment deleted the quoted sentence and added another section, N.J.S. 39:4-50.2, providing as follows:
(a) Any person who operates a motor vehicle on any public road, street or highway or quasi-public area in this State shall be deemed to have given his consent to the taking of samples of his breath for the purpose of making chemical tests to determine the content of alcohol in his blood: provided, however, that the taking of samples is made in accordance with the provisions of this act and at the request of a police officer who has reasonable grounds to believe that such person has been operating a motor vehicle in violation of the provisions of section 39:4-50 of the Revised Statutes.
(b) A record of the taking of such sample, disclosing the date and time thereof, as well as the result of any chemical test, shall be made and a copy thereof, upon his request, shall be furnished or made available to the person so tested.
(c) In addition to the samples taken and tests made at the direction of a police officer hereunder, the person tested shall be permitted to have such samples taken and chemical tests of his breath, urine or blood made by a person or physician of his own selection.
(d) The police officer shall inform the person of his rights under subsections (b) and (c) of this section.
*356 (e) No chemical test, as provided in this section, or specimen necessary thereto, may be made or taken forcibly and against physical resistance thereto by the defendant. (Italics supplied).
In lieu of the former requirement of express consent, there is now in effect what is called the implied consent law, incorporating a procedure leading to possible suspension or revocation of license by the Director of the Division of Motor Vehicles should the operator of a motor vehicle refuse to submit to the chemical test referred to in N.J.S. 39:4-50.2. But the implied consent is limited to the taking of samples of breath. There is no provision in the amended statute for express consent to any kind of test.
Although N.J.S. 39:4-50.2 requires that the person tested must be advised of his right to receive or have made available to him, upon request, a copy of the record of the taking of the sample, as well as the result of any chemical test; and also of his right, in addition to the samples taken and tests performed, to have such samples taken and chemical tests of his breath, urine or blood made by a person or physician of his own choosing; these provisions must be read in the context of the entire section, and are clearly restricted in applicability to those instances when, by virtue of the statutory implied consent, samples of breath are taken for chemical analysis.
A change of language in a statute ordinarily implies a purposeful alteration in substance. Nagy v. Ford Motor Co., 6 N.J. 341, 384 (1951); Essex County Retail, etc. v. Newark, etc. Beverage Control, 77 N.J. Super. 70, 78 (App. Div. 1962); Stauhs v. Bd. of Review, Div. of Emp. Sec., 93 N.J. Super. 451, 457 (App. Div. 1967). If the legislature had intended to retain express consent as a prerequisite to the taking of samples of bodily substances other than breath, it could have done so in the amended statute. The Court must interpret and enforce the legislative will as written, and not according to some supposed unexpressed intention, and the court is not at liberty to indulge in the presumption that the legislative intended something more *357 than what it actually wrote in law. Dacunzo v. Edgye, 19 N.J. 443, 451 (1955); In re Anonymous, 32 N.J. Super. 599, 609 (Ch. Div. 1954); Graham v. City of Asbury Park, 64 N.J. Super. 385, 394 (Law Div. 1960), rev'd 69 N.J. Super. 256 (App. Div. 1961), affirmed 37 N.J. 166 (1962).
Consequently, I hold that N.J.S. 39:4-50.2 does not require a person's express consent to the taking of specimens of his bodily substance in order to determine the content of alcohol in his blood. Subject only to the limited requirements of that section respecting breath samples, such taking is permissible and the results of the test evidential where the person is charged with operating a motor vehicle either while under the influence of intoxicating liquor or while his ability to operate such motor vehicle is impaired by the consumption of alcohol; provided, of course, the intrusion into the body is justified and the means and procedures employed reasonable, within the context of Schmerber v. California, supra.
It being conceded in the case sub judice that there is no issue of a search and seizure which encroached upon the defendant's constitutional rights, the defendant's motion to suppress is denied.