211 N.J. Super. 388 (1986)
511 A.2d 1233
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES MERCER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 29, 1986.
Decided June 30, 1986.
*389 Before Judges BRODY, GAYNOR and BAIME.
James R. Bodnar, attorney for appellant.
*390 Stephen G. Raymond, Burlington County Prosecutor, attorney for respondent (Kathy S. Morrissey, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by GAYNOR, J.A.D.
Defendant was convicted of driving while intoxicated following a trial de novo on his appeal from a conviction in the municipal court. On appeal from the conviction in the Law Division, he contends the court erred in admitting the results of a blood test, showing a blood alcohol content of .185%, because of the failure of the investigating officer to advise him of his "right" to have a similar test conducted by his own expert. He further asserts a due process violation resulted from the disposal of the blood sample after the testing had been completed. We disagree and affirm.
Following a two-car collision, defendant, the driver of one of the vehicles, was transported to the local hospital for treatment of his injuries. Shortly after his arrival he was questioned by the investigating officer and then placed under arrest for drunk driving. After obtaining defendant's signed consent, the officer arranged to have a sample of defendant's blood taken and transported to the laboratory for analysis. Concededly, the consent form did not contain any reference to defendant's entitlement to a testing of the blood by his own expert, nor was he so informed by the officer. After the testing was completed at the laboratory, the blood sample was discarded.
In addition to the stipulated test result disclosing the blood alcohol content, the trial evidence also included the officer's testimony that, while questioning defendant at the hospital, he had detected a strong odor of alcohol emanating from defendant's breath and had observed that defendant's eyes were bloodshot and his speech was slurred. The officer also testified that defendant had admitted to having consumed a bottle of wine during the evening. The driver of the other vehicle, while stating he had not sensed any odor of alcohol about defendant, *391 noted that following the accident defendant was not very coherent in his actions.
Defendant contends the failure of the officer to advise him that he might conduct an independent testing of the blood sample violated the rights accorded him under N.J.S.A. 39:4-50.2 and denied him the application of that statute. He further asserts the subsequent disposal of the blood sample left him with no meaningful way to defend himself. Assertedly, these actions warranted a dismissal of the complaint or the suppression of the test results.
N.J.S.A. 39:4-50.2 provides in pertinent part:
(a) Any person who operates a motor vehicle on any public road, street or highway or quasi-public area in this State shall be deemed to have given his consent to the taking of samples of his breath for the purpose of making chemical tests to determine the content of alcohol in his blood;....
* * * * * * * *
(c) In addition to the samples taken and tests made at the direction of a police officer hereunder, the person tested shall be permitted to have such samples taken and chemical tests of his breath, urine or blood made by a person or physician of his own selection.
(d) The police officer shall inform the person tested of his rights under subsections (b) and (c) of this section.
We do not agree with defendant's basic premise that this statute governs the taking of a blood sample. By its express terms, the statute is limited to the taking of samples of breath and the procedures to be followed by the police in chemically testing such samples to determine blood alcohol content. State v. Woomer, 196 N.J. Super. 583 (App.Div. 1984).
In Woomer we determined the prohibition contained in N.J.S.A. 39:4-50.2(e) that "[n]o chemical test ... or specimen necessary thereto, may be made or taken forcibly and against physical resistance thereto by the defendant," is limited to a breath sample and is not applicable to the taking of a blood sample for testing purposes. Id. at 586. In reaching this conclusion, we noted that N.J.S.A. 39:4-50.2 sets forth the standards governing the taking of a breath sample and that an entirely different set of standards applies to the sampling of blood for alcoholic content testing. Id. at 585-586. While subsection (c) of the *392 statute provides that "the person tested shall be permitted to have such samples taken and chemical tests of his breath, urine or blood made by a person or physician of his own selection" (emphasis supplied), by its terms this provision, as well as the accompanying subsection (d), applies to a person whose breath sample has been taken and tested as provided in subsection (a). Simply stated, N.J.S.A. 39:4-50.2 is not applicable when a person's blood sample has been taken and tested. See State v. Macuk, 57 N.J. 1, 14 (1970); State v. Burns, 159 N.J. Super. 539, 542-543 (App.Div. 1978).
Defendant's reliance on State v. Kaye, 176 N.J. Super. 484 (App.Div. 1980) as authority for his position that N.J.S.A. 39:4-50.2(c) and (d) are applicable to blood sampling is misplaced. In Kaye we held that since defendant had knowingly and intentionally pleaded guilty to causing death by automobile, he had waived his right to thereafter claim a due process violation because of the admission of the results of a blood test despite the failure to preserve and furnish him with a portion of the sample which had been tested. By way of dictum, we noted defendant had been advised that he could have an independent blood test conducted and indicated the State had thus complied with the requirements of N.J.S.A. 39:4-50.2. Clearly, there is no proscription against a defendant's being so informed and having a test made by a physician of his own choice. However, there is no statutory prerequisite, or "right," that a defendant be informed, at or prior to the taking of a blood sampling for testing as to alcoholic content, that he could have a blood test performed by a person of his own choosing. Defendant's analogizing to the effect of a failure to so advise a defendant when a breathalyzer test is administered overlooks the fact that such omission is contrary to the requirement of the statute. See State v. Nunez, 139 N.J. Super. 28 (Cty.Ct. 1976).
Nor, are we persuaded that the failure to so inform defendant violated his constitutional due process rights, thus requiring the exclusion of the test results. As this court observed in State v. Laganella, 144 N.J. Super. 268 (App.Div. 1976):

*393 Due process in its constitutional sense is little more than a metonym for fair play. State v. Haber, 132 N.J.L. 507, 512 (Sup.Ct. 1945). It connotes fundamental fairness. Due process is an element which, when missing, produces the reaction accorded to that which is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973). But due process is no more than this. Our very proper reverence for this basic ingredient in the constitutional government of our nation and State must not be permitted to lead to such an indefinable expansion of the concept that its limitless bounds are in themselves unfair to a legitimate interest. [Id. at 284.]
In this regard, we note initially that requiring a driver to submit to a chemical test of bodily substances to determine the amount of alcohol in his blood violates no constitutional safeguard. State v. Macuk, 57 N.J. at 14-15. Such tests are beyond the privilege of self-incrimination, being nontestimonial in character, State v. Blair, 45 N.J. 43, 45 (1965), and, if properly administered, not offensive to the community's sense of decency and fairness. Breithaupt v. Abram, 352 U.S. 432, 435-436, 77 S.Ct. 408, 410-411, 1 L.Ed.2d 448 (1957). If conducting the test, without the consent of the accused or even over his objection, does not infringe upon due process rights, we perceive nothing fundamentally unfair in the less intrusive element of not advising a defendant of his entitlement to an independent testing, a procedure wholly within his own capability of apprehending and effectuating. The failure to so inform a defendant whose blood is being tested for alcoholic content does not, in our view, produce a reaction which is "shocking to the universal sense of justice." State v. Laganella, supra.
We find no merit in defendant's further contention that the trial judge erred in denying his motion to dismiss the complaint because of the State's disposal of the blood specimen remaining after the testing. He asserts this action precluded a later independent testing of the sample thereby constituting a denial of due process. This argument lacks substance in view of our conclusion in State v. Casele, 198 N.J. Super. 462, 471 (App.Div. 1985) that "where the State in good faith, uses up, consumes or even disposes of the balance of a blood specimen in good faith, this does not preclude the admission of competent *394 evidence of the test and the results at trial." There is no suggestion here that the State acted in bad faith in discarding the remainder of the sample. Nor, was defendant prejudiced by his inability to obtain a portion of the sample for his own testing as he had every opportunity to question the test results offered by the prosecution. See State v. Serret, 198 N.J. Super. 21, 27 (App.Div. 1984). Our conclusion is also supported by the United States Supreme Court holding in California v. Trombetta, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984) that the failure to preserve breath samples is not violative of due process.
Furthermore, Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963) did not require a suppression of the test results as the consumption or destruction of an entire blood specimen during the testing process, in the absence of bad faith, does not constitute an act of suppression of evidence by the State sufficient to trigger a due process violation. See State v. Kaye, supra.
The judgment of conviction is affirmed.