constitutional objective of integrating the states into a single nation.

The fines imposed are not within the penal exception and the New York judgements are entitled to full faith and credit.

577 A.2d 1338

THE STATE OF NEW JERSEY, PLAINTIFF, v. JOSEPH MANFREDI, DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County

Decided May 10, 1990.

*Denise Massingale–Lamb* for plaintiff.

*Thomas M. Kaczka* for defendant (*Gelman & Gelman*, attorneys).

MINUSKIN, J.S.C.

Defendant is charged with violating *N.J.S.A.* 39:4–50(a), which makes it unlawful for a person to operate "a motor vehicle with a blood alcohol concentration of 0.10% or more...." This provision enacted by a 1983 Amendment defines the *per se* violation of driving while intoxicated ("DWI"). *State v. Downie,* 117 *N.J.* 450, 451, 569 *A.*2d 242 (1990). At the time of his arrest, defendant was videotaped and a breathalyzer test was administered. Test results indicated a blood alcohol level of .10%.

Defendant seeks a pretrial determination by the court as to whether he will be permitted to introduce expert testimony of a physician for the purpose of refuting the results of the breathalyzer. He asserts that this testimony will show that his videotaped behavior at the time of his arrest was inconsistent with the breathalyzer reading and that the test results were therefore inaccurate. No evidence, other than extrinsic evidence of sobriety, is offered to indicate that the breathalyzer instrument was not in proper working order or that it was not properly operated by a qualified person. *See State v. Johnson,* 42 *N.J.* 146, 171–172, 199 *A.*2d 809 (1964).

The issue presented is whether extrinsic evidence of sobriety, as may be indicated by the results of viewing defendant's behavior on a videotape, is admissible to discredit the results of a breathalyzer test. This court believes it is not.

In reviewing the evolution of New Jersey's drunk driving statute, our Supreme Court noted that "intoxication objectively determined by a breathalyzer test coupled with the operation of a motor vehicle constitutes the offense of drunk driving." *State v. Hammond,* 118 *N.J.* 306, 317, 571 *A.*2d 942, 947 (1990).

Quoting *State v. Tischio,* 107 *N.J.* 504, 515, 527 *A.*2d 388 (1987), the *Hammond* Court noted that "the primary purpose of *N.J. S.A.* 39:4–50.1 [creating a *per se* offense] was to eliminate the necessity for expert and other testimony relating to the existence and degree of intoxication." *Ibid. See also State v. Protokowicz,* 55 *N.J.Super.* 598, 609, 151 *A.*2d 396 (App.Div. 1959).

Recent Supreme Court pronouncements show a clear trend to rely exclusively on objective rather than subjective evidence to prove intoxication. *State v. Hammond, supra; State v. Downie,* 117 *N.J.* 450, 569 *A.*2d 242 (1990); *State v. Tischio, supra.* In *State v. Hammond* the Court held that the defense of involuntariness is not applicable to DWI while in *State v. Tischio* and *State v. Downie* extrapolation evidence was precluded. As stated in *Hammond,* "Our holdings in *Downie* and *Tischio* confirm a clear legislative intent and a strong legislative policy to discourage long trials complicated by pretextual defenses." *State v. Hammond, supra,* 118 *N.J.* at 317, 571 *A.*2d at 948.

The strong policy favoring expeditious disposition of DWI cases demands that this court similarly exclude subjective testimony of experts, which is presented in order to attack the results of breathalyzer tests, where a proper foundation for these results has been established. *State v. Tischio, supra,* 107 *N.J.* at 512–14, 527 *A.*2d 388; *State v. Johnson, supra,* 42 *N.J.* at 169–174, 199 *A.*2d 809. The sound goal of freeing the roads of drunken drivers would not be furthered by allowing trials for DWI to evolve into lengthy battles of expert testimony.

It is the opinion of this court that expert testimony regarding observations of defendant's videotaped behavior is inadmissible for the purpose of contradicting the results of an otherwise reliable breathalyzer test. Defendant's collateral attack on the proper working order of the breathalyzer constitutes nothing more than the type of pretextual "tendentious defense that the

legislature sought to discourage by its enactment of a statute based on objective measurements of intoxication." *State v. Hammond, supra,* 118 *N.J.* at 318, 571 *A.*2d at 948.

Motion to permit expert testimony of a physician is denied. An order may be submitted accordingly.