248 N.J. Super. 100 (1990)
590 A.2d 259
STATE OF NEW JERSEY, PLAINTIFF,
v.
MARILYN BODTMANN, DEFENDANT.
Superior Court of New Jersey, Law Division Bergen County.
Decided July 6, 1990.
David J. Nathanson for plaintiff.
Richard Kraus for defendant.
*101 MINUSKIN, J.S.C.
This matter is before the court on remand from the Appellate Division. The pivotal issue presented is whether the patient-physician privilege, as defined under N.J.S.A. 2A:84A-22.2, is applicable to a drunk-driving charge under the State's Motor Vehicle Act. The general factual situation has been detailed in State v. Bodtmann, 239 N.J. Super. 33, 570 A.2d 1003 (App.Div. 1990).
The New Jersey Motor Vehicle Act prohibits the operation of a motor vehicle "while under the influence of intoxicating liquor,... or ... with a blood alcohol concentration of 0.10% or more ... in the defendant's blood." N.J.S.A. 39:4-50. State v. Hammond, 118 N.J. 306, 571 A.2d 942 (1990). N.J.S.A. 2A:84A-22.2, provides in relevant part:
Except as otherwise provided in this act, a person, whether or not a party, has a privilege in a civil action or in a prosecution for a crime or violation of the disorderly persons law or for an act of juvenile delinquency to refuse to disclose, and to prevent a witness from disclosing a communication. .. .
New Jersey's patient-physician privilege is purely statutory in origin. The privilege, enacted in 1968, was not recognized at common law, nor has it ever been adopted as a rule of evidence. Stempler v. Speidell, 100 N.J. 368, 374, 495 A.2d 857 (1985) (citing State v. Dyal, 97 N.J. 229, 235-236, 478 A.2d 390 (1984)). Therefore, since the privilege has no basis outside the statute, it must be interpreted within the confines of the statutory language. Because it obstructs the search for truth, the privilege must be construed restrictively. State in Interest of M.P.C., 165 N.J. Super. 131, 397 A.2d 1092 (App.Div. 1979). The effect of allowing the privilege results in withholding evidence "often of the most reliable and probative kind," so that to the extent the privilege is honored, it may "undermine the search for truth in the administration of justice." State v. Dyal, supra, 97 N.J. at 237, 478 A.2d 390. Such a privilege is accepted only because, in the particular area concerned, it serves a more important public interest than the need for full disclosure. State in the Interest of M.P.C., supra, 165 N.J. Super. *102 at 136, 397 A.2d 1092, citing State v. Briley, 53 N.J. 498, 505-506, 251 A.2d 442 (1969).
N.J.S.A. 2A:84A-22.2 provides for assertion of the privilege "in a civil action or in a prosecution for a crime or violation of the disorderly persons law or for an act of juvenile delinquency." These words were intended by the Legislature to limit the range of the privilege's application. Since the statute does not specifically enumerate a Title 39 violation including N.J.S.A. 39:4-50 (DWI), the issue before this court is whether DWI infractions, which have been recognized as quasi-criminal in nature, are included within the statutory framework. Based on the recent New Jersey Supreme Court pronouncement in State v. Hammond, supra, this court is of the opinion that they are not.
In Hammond, the court held that "motor vehicle violations are not offenses under the Code of Criminal Justice, and hence the Code's provisions, including the involuntary intoxication defense, do not apply to a defendant charged with operating a motor vehicle under the influence of intoxicating liquor in violation of the Motor Vehicle Act." 118 N.J. at 307, 571 A.2d 942. In support of its decision the Hammond Court referred to the legislative history of both the criminal code and the DWI statute as well as previous judicial policy pronouncements. Id. at 312-313, 571 A.2d 942; see also State v. Tischio, 107 N.J. 504, 527 A.2d 388 (1987).
As asserted by the State in the instant case, the legislative history of N.J.S.A. 2A:84A-22.2 indicates no intent on the part of the Legislature to expand the scope of the patient-physician privilege beyond specific areas delineated in the statute. As originally drafted, the bill allowed the privilege to be asserted "in a civil action or in a prosecution for a misdemeanor." Senate Bill 274 (1968). See also companion Assembly Bill 604 (1968). The bill was subsequently amended to replace the word "misdemeanor" with the phrase "crime or violation of the Disorderly Persons Law or for an act of juvenile delinquency." *103 Assembly Committee amendments to Senate Bill 274, adopted June 13, 1968. As the State contends, since affirmative steps were taken to modify the kinds of offenses to which the patient-physician privilege would apply, the Legislature could easily have included motor vehicle infractions in its amendments. The well-settled principle that the courts will not supply what the legislature omits, Keenan v. Essex County Freeholders, 101 N.J. Super. 495, 507, 244 A.2d 705 (Law Div. 1968), aff'd 106 N.J. Super. 312, 255 A.2d 786 (App.Div. 1969) compels this court to find that the Legislature did not intend to apply the privilege to the separate and distinct category of motor vehicle offenses.
In addition to the result that strict construction of the privilege statute mandates, the strong judicial policy favoring swift and expeditious disposition of DWI cases demands that this court find that the patient-physician privilege does not apply to DWI cases. Recent decisions have impliedly held that the public's right to be free of the scourge of drunken driving outweighs the right of the individual to present a complete defense. State v. Hammond, supra; State v. Downie, 117 N.J. 450, 569 A.2d 242 (1990), State v. Tischio, supra; State v. Lentini, 240 N.J. Super. 330, 573 A.2d 464 (1990).
Our Supreme Court has expressed a clear intent to avoid pretextual "tendentious defenses that the Legislature sought to discourage by its enactment of a statute based on objective measurements of intoxication." State v. Manfredi, 242 N.J. Super. 708, 577 A.2d 1338 (Law Div. 1990) (citing State v. Hammond, supra). Courts have held that lesser protections are afforded to those who drive while intoxicated. "Miranda warnings are not required prior to the administration of drunkometer." State v. Macuk, 57 N.J. 1, 16, 268 A.2d 1 (1970); persons accused of motor vehicle violations are not entitled to PTI. State v. Senno, 79 N.J. 216, 223, 398 A.2d 873 (1979). Lesser-included motor vehicle offenses should be joined in the prosecution of the Code of Criminal Justice offense of death by auto, and should be brought to the attention of the jury, but *104 should be determined by the judge. State v. Muniz, 118 N.J. 319, 571 A.2d 948 (1990).
The strong policy compelling enactment of a per se DWI statute was aptly described in State v. D'Agostino, 203 N.J. Super. 69, 495 A.2d 915 (App.Div. 1984).
The necessity for stringent drunk driving laws has received widespread and nearly unanimous support in an increasing crescendo in the last several decades throughout this Nation. "The increasing slaughter on our highways, most of which should be avoidable, now reaches the astounding figures only heard of on the battlefield." Breithaupt v. Abram, 352 U.S. 432, 439 [77 S.Ct. 408, 412] 1 L.Ed.2d 448 (1957) and "exceeds the death total of all our wars." Perez v. Campbell, 402 U.S. 637, 658 [91 S.Ct. 1704, 1715] 29 L.Ed.2d 233 (1971) (Blackmun J., concurring). [203 N.J. Super. at 72, 495 A.2d 915]
An interpretation of the patient-physician statute that would apply the patient-physician privilege to DWI infractions would clearly disserve broader policy goals of curbing "the senseless havoc and destruction caused by intoxicated drivers." State v. Hammond, supra, 118 N.J. at 318, 571 A.2d 942, quoting State v. Tischio, 107 N.J. at 512-514, 527 A.2d 388.
Based upon a review of all of the relevant statutes and applicable judicial pronouncements as well as upon a balance of policy considerations, this court holds that the patient-physician privilege does not apply to a drunk-driving charge under the State's Motor Vehicle Act. An order may therefore be submitted denying defendant's request to quash the subpoena duces tecum and the written blood test results may be admitted by the municipal court in the case now pending before it.