STATE of Wisconsin, Plaintiff-Respondent,

v.

Daniel T. SAYLES, Defendant-Appellant-Petitioner.

Supreme Court

*No. 84-287. Submitted on briefs April 30, 1985.—*
*Decided June 28, 1985.*

(Also reported in 370 N.W.2d 265.)

For the defendant-appellant-petitioner there were briefs by *John Schiro* and *Gerald R. Turner & Associates, S.C.,* Milwaukee.

For the plaintiff-respondent there was a brief by *Christopher G. Wren,* assistant attorney general, and *Bronson C. La Follette,* attorney general.

HEFFERNAN, CHIEF JUSTICE. This is a review of an unpublished opinion dated September 19, 1984, of the court of appeals which affirmed a judgment of the circuit court for Waukesha county, Roger P. Murphy, circuit judge. It is a companion case to *State v. Bolstad,* 124 Wis. 2d 576, 370 N.W.2d 257 (1985), decided this day. The issue in this case, as in *Bolstad,* is whether it was error to refuse to allow a person charged with operating a motor vehicle while under the influence of an intoxicant (OMVWI) to put into evidence the reasons for refusing to submit to a test for blood alcohol content. We conclude that error was committed and the error was not harmless. We reverse the decision of the court of appeals, which affirmed the trial court's exclusion of the refusal evidence.

In February of 1982, Sayles was seen operating a motor vehicle on the highway at what appeared to the arresting officer to be an unlawful speed. Sayles was observed to weave on the highway. Officer Norman Vlasak stopped the Sayles vehicle and, after administering field sobriety tests, arrested Sayles for operating a motor vehicle while under the influence of an intoxicant in violation of sec. 346.63(1) (a), Stats.

After Sayles was transported to headquarters, he refused to take the test for blood alcohol content required under the "implied consent law." He stated that he wished to consult his attorney and asserted that it was his right to do so before deciding whether or not he would take the test. Although there is no obligation upon the police to allow a person arrested for OMVWI to consult an attorney when he is asked to submit to a breathalyzer or other chemical test pursuant to sec. 343.-305, Stats., the police allowed Sayles to attempt to do so.[1] He was unable to reach an attorney although he was given two opportunities to do so. He was warned that his failure to submit to the test could be construed as a "refusal" under sec. 343.305. He subsequently was so charged. A "refusal hearing" was held, and it was determined that the refusal was unlawful. Sayles' driver's license was revoked.[2]

Sayles was tried by a jury on the intoxicated driving charge and found guilty. Preliminary to the trial, he moved to dismiss, because he claimed his arrest was without probable cause. The motion was denied. The court of appeals affirmed the trial court's order denying dismissal on that ground.

Sayles renews this claim of error on review in this court. We uphold the court of appeals' affirmance of the trial court order denying the motion to dismiss. The court of appeals carefully reviewed the evidence available to the officer at the time of making the arrest. We need not recount these evidentiary factors which were considered by the court of appeals. The principal argument of the defendant, which is renewed here, is that there could be no probable cause for the arrest because

[1] *State v. Bunders,* 68 Wis. 2d 129, 227 N.W.2d 727 (1975).

[2] The determination that Sayles' refusal was unlawful was appealed to the court of appeals and affirmed on April 20, 1983. That determination is not in issue here.

there was no testimony that the officer detected the odor of alcohol on Sayles' breath. After reciting the undisputed evidence of record that led to the arrest—weaving on the highway, bloodshot eyes, failure to pass field sobriety tests, and slow and hesitant answers to questions —the court of appeals concluded that these facts were sufficient to establish probable cause under the standards of *State v. Drogsvold,* 104 Wis. 2d 247, 254, 311 N.W.2d 243 (Ct. App. 1981). We agree with the language of the court of appeals appearing at page 3 of slip opinion:

"These facts are . . . adequate to establish probable cause to arrest. The mere fact that the officer did not smell the intoxicants on Sayles' breath does not change this result."

We took this case primarily because it presents the same problem as *State v. Bolstad:* Whether a defendant charged with operating a motor vehicle while under the influence of an intoxicant who has refused to submit to a test for blood alcohol content has the right to state the reasons or present evidence why there was a refusal to submit to the test.

From a legal viewpoint, the issue is identical to that in *Bolstad.* In each case, it is clear that the refusal court correctly held that reasons for the refusal were insufficient under the statute. The question is whether the reason for the refusal can be put in evidence at the hearing on the substantive charge of intoxicated driving in an attempt to rebut the *State v. Albright,* 98 Wis. 2d 663, 298 N.W.2d 196 (Ct. App. 1980), inference that may properly be drawn from the refusal to submit to the test. While this is a civil case and Bolstad was charged criminally, we see no significance in this distinction in respect to the application of the rules of evidence.

The question is to be determined on the basis of relevancy. In each case the evidence is relevant if it tends to make less probable a significant fact in issue in the ac-

tion. In this case, as in *Bolstad,* the jury was instructed that it could give whatever weight it deemed appropriate to the fact of the finding of the refusal. In this case, as in *Bolstad,* the trial judge refused to admit the explanatory evidence. The reason given by Sayles was that he refused the test because he believed he had the right to consult a lawyer before submitting to the test. Although his legal assertion is clearly erroneous, under our analysis in *Bolstad* the evidence of the reason for the refusal is relevant, for a jury could believe or could tend to conclude from the evidence given that the defendant declined the test, not because of consciousness of guilt of intoxication, but because he thought he was asserting a legal right.[3]

Whether a defendant's reasons constitute adequate or appropriate grounds to refuse a test is not in issue at the OMVWI stage of a case. That question is resolved by the refusal hearing. Rather, the question is, at this stage of the case, what the jury may, from the evidence, conclude was the defendant's subjective, even though clearly erroneous or misguided, reason for refusal. If the reason asserted is relevant to the question of the *Albright* inference of consciousness of guilt of intoxication, the evidence is admissible. Whether the evidence is credible and is, hence, to be given weight by the jury is for the jury alone to decide.

Here, the evidence offered was admissible and the trial court and the court of appeals erred in concluding it was

---

[3] Certainly, it would be most inappropriate in any proceeding to allow the request for a lawyer to be used as a separate basis for an inference of guilt. The state in its brief asserts that, even if the evidence that Sayles wanted a lawyer before submitting to a blood test was admitted, this would merely be additional evidence of consciousness of guilt. We decline to join in that conclusion. Certainly, no principle of our Anglo-American legal tradition sanctions the idea that a request for a lawyer after an arrest leads to an inference of guilt.

not. We so conclude on the basis of the rules of evidence, secs. (rules) 904.01 and 904.02, Stats.[4]

We conclude the error was not harmless and warrants reversal and a new trial.

There undoubtedly is strong evidence that Sayles was driving and that he was intoxicated. Nevertheless, we conclude that the rationale of *State v. Dyess*, 124 Wis. 2d 525, 370 N.W.2d 222 (1985) (decided this day), is appropriate in this non-criminal case and leads to the conclusion that the error was prejudicial. As we emphasized in *Bolstad*, evidence that a defendant refused to submit to the required alcohol test is relevant, probative, and persuasive evidence that the defendant may have believed himself guilty and only refused the test because he knew that taking the test would prove guilt. To deny an opportunity for the explanation that would tend to rebut strong evidence of guilt could hardly be meaningless to a jury which had been fully and properly instructed in respect to the intricacies of the implied consent law and the inference to be drawn from refusal to take the test. To the extent that the defendant was denied even the opportunity to rebut the natural inference to be drawn from the refusal, the procedure was unfair and repugnant to our standards of justice.

Although there was evidence, had it been adduced in a completely appropriate trial, which was sufficient to

---

[4] "**904.01 Definition of 'relevant evidence'.** 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

"**904.02 Relevant evidence generally admissible; irrelevant evidence inadmissible.** All relevant evidence is admissible, except as otherwise provided by the constitutions of the United States and the state of Wisconsin, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible."

sustain the judgment, that judgment was infected with an error that must lead an appellate court to conclude that it cannot be sure that the error—which prevented a challenge to evidence probative of guilt—did not influence the verdict of guilty or had only a slight effect. As we stated in *Dyess,* supra at 543, the state's burden, which it has failed to assume, is to show that there is no possibility that the error contributed to the result. The error here undermines our confidence in the result. The fact of intoxication was strongly contested. While we conclude that there was probable cause for arrest, at least one usual characteristic of the excessive consumption of alcoholic liquor—breath odor—was not put in evidence. We can have no confidence in the jury's verdict in view of the court's serious evidentiary error. Considering the jury instructions, the repeated reference to the refusal to take the test, all under the umbrella of a serious evidentiary error, this court cannot conclude that this is harmless error.

*By the Court.*—Decision reversed and cause remanded to the circuit court for a new trial.