210 N.J. Super. 100 (1986)
509 A.2d 238
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GEORGE DELORENZO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 17, 1986.
Decided May 5, 1986.
*102 Before Judges PETRELLA, COHEN and SKILLMAN.
Barry T. Albin argued the cause for appellant (Wilentz, Goldman & Spitzer, attorneys; Barry T. Albin and James E. Trabilsy, on the brief).
James W. Kennedy, Assistant Prosecutor, argued the cause for respondent (John A. Kaye, Monmouth County Prosecutor, attorney).
The opinion of the court was delivered by SKILLMAN, J.S.C., temporarily assigned.
This is an appeal from a judgment of conviction for driving while under the influence of alcohol, in violation of N.J.S.A. 39:4-50. Defendant entered a conditional plea of guilty pursuant to R. 3:9-3(f) in the Colts Neck Municipal Court after adverse rulings on several pretrial motions. The municipal court imposed a six-month license suspension, a fine of $250, a surcharge of $100 and a requirement of twelve hours attendance at the Intoxicated Driver Resource Center. The same sentence was imposed on appeal by the Law Division. The only argument raised on appeal to this court is that defendant had a constitutional right to consult an attorney before deciding whether to submit to a breathalyzer test and that his conviction, which was based partly on the results of two tests, should therefore be set aside. We reject this argument and affirm.
The case was heard in the Colts Neck Municipal Court and on appeal in the Law Division on stipulated facts which may be briefly summarized. Defendant was first observed driving in excess of the speed limit. When apprehended for this offense, *103 his behavior indicated that he might be under the influence of alcohol. He was placed under arrest and requested to take the breathalzyer test. Defendant agreed to take the test, which produced readings well in excess of 0.10 blood alcohol concentration. The parties' stipulation does not indicate that defendant requested to consult with an attorney before submitting to the breathalzyer test or that he had an attorney who would have been available to speak to him.
The Implied Consent Law imposes an affirmative legal obligation upon a driver arrested for driving while under the influence to submit to a breath test. N.J.S.A. 39:4-50.2(a) provides:
Any person who operates a motor vehicle on any public road, street or highway or quasi-public area in this State shall be deemed to have given his consent to the taking of samples of his breath for the purpose of making chemical tests to determine the content of alcohol in his blood; provided, however, that the taking of samples is made in accordance with the provisions of this act and at the request of a police officer who has reasonable grounds to believe that such person has been operating a motor vehicle in violation of the provisions of R.S. 39:4-50.
However, N.J.S.A. 39:4-50.2(e) prohibits police from using physical force to compel a driver to comply with the legal obligation to submit to a breath test:
No chemical test, as provided in this section, or specimen necessary thereto, may be made or taken forcibly and against physical resistance thereto by the defendant. The police officer shall, however, inform the person arrested of the consequences of refusing to submit to such test....
Therefore, the only "choice" afforded a driver alleged to have been driving under the influence is whether to comply with the law or to violate it. As the court stated in State v. Macuk, 57 N.J. 1, 15 (1970):
There is no legal right or choice to refuse, despite the authorized additional penalty for refusal in the case of the breath test. So it is inappropriate to warn that a test need not be taken, although it is quite fair to advise of the consequences of refusal to take a breath test.
Indeed, the only reason N.J.S.A. 39:4-50.2 requires a driver's consent to take a breathalyzer test is because that test "requires the affirmative cooperation of the subject who must `blow up' the balloon." State v. Woomer, 196 N.J. Super. 583, *104 585-586 (App.Div. 1984). Furthermore, if a driver does not agree to provide a breath sample, a blood sample may be taken involuntarily. Id. at 586. Within this statutory framework, the courts of this State have repeatedly held that a driver accused of driving while under the influence of alcohol has no right to consult an attorney before determining whether to comply with the legal obligation to submit to a breathalyzer test. See, e.g., State v. Macuk, supra, 57 N.J. at 15; State v. Pandoli, 109 N.J. Super. 1, 3-4 (App.Div. 1970); State v. Kenderski, 99 N.J. Super. 224, 230 (App.Div. 1968).
Defendant urges us to reconsider the holding of these cases in light of recent decisions of the Supreme Court of the United States addressing the right to counsel in other contexts and decisions in other jurisdictions dealing with this issue. The short answer to defendant's arguments is that State v. Macuk is a holding of our State's highest court directly contrary to defendant's position, and is binding upon us in the absence of a later decision by the Supreme Court of the United States dealing with the same issue. In any event, we are satisfied that defendant's arguments lack merit.
Defendant relies upon Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), which held that Miranda warnings must be given to a person suspected of a traffic offense before he can be subjected to custodial interrogation. However, the taking of a breath sample is nontestimonial.[1]State v. Macuk, supra, 57 N.J. at 13-15. Furthermore, a simple request to submit to a chemical test does not constitute *105 interrogation. South Dakota v. Neville, 459 U.S. 553, 564, n. 15, 103 S.Ct. 916, 922, n. 15, 74 L.Ed.2d 748 (1983). Therefore Berkemer and Miranda are inapplicable.[2]
Defendant also argues, relying upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), that the decision whether to submit to a breathalyzer test is a "critical stage" in a criminal prosecution and that he therefore had a right to consult with counsel in making that decision. However, the Court in Wade expressly stated that the scientific analysis of a blood sample is not a critical stage in a criminal prosecution at which the accused has a Sixth Amendment right to the presence of counsel. Id. at 227, 87 S.Ct. at 1932; see also Gilbert v. California, 388 U.S. 263, 266-267, 87 S.Ct. 1951, 1953, 18 L.Ed.2d 1178 (1967) (taking of handwriting sample is not a "critical stage" requiring presence of counsel). Furthermore, since the sentence imposed on defendant did not include a term of imprisonment, he did not have a Sixth Amendment right to counsel even at trial. Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979).[3]
Defendant makes the further argument that the right to consult with counsel is protected by the Due Process Clause of the Fourteenth Amendment, citing a number of decisions from other jurisdictions in support of this proposition. See, e.g., Sites v. State, 300 Md. 702, 481 A.2d 192 (Ct.App. 1984); State v. Newton, 291 Or. 788, 636 P.2d 393 (Sup.Ct. 1981); People v. *106 Gursey, 22 N.Y.2d 224, 239 N.E.2d 351, 292 N.Y.S.2d 416 (Ct.App. 1968). These cases generally proceed on the premise that a driver has a right as a matter of state law to choose whether to take a breathalyzer test. See, e.g., Sites v. State, supra, 300 Md. at 716, 481 A.2d at 199 ("Maryland's implied consent statute deliberately gives the driver a choice between two different potential sanctions, each affecting vitally important interests"); People v. Gursey, supra, 22 N.Y.2d at 228, 239 N.E.2d at 353, 292 N.Y.S.2d at 419 ("defendant had the option to refuse to take the drunkometer test, electing instead to submit to the revocation of his license"). However, the New Jersey Implied Consent Law has been construed not to confer a legal right to refuse the breathalyzer test. State v. Macuk, supra, 57 N.J. at 15. Therefore, we find more persuasive those out of state cases which hold that neither the Sixth nor the Fourteenth Amendments confer a right to consult with counsel before complying with the legal obligation to submit to a breath test. See, e.g., State v. Armfield, ___ Mont. ___, 693 P.2d 1226 (Sup.Ct. 1984); State v. Bristor, 236 Kan. 313, 691 P.2d 1 (Sup.Ct. 1984). We further note the absence in the record of any indication that defendant requested counsel or that a lawyer was available to him.
We make one final observation. The implicit premise of defendant's argument is that if he had had an opportunity to consult with an attorney he might have been advised not to submit to the breathalyzer test and that without the results of that test he might have been acquitted of the charge of driving while under the influence. However, since New Jersey law recognizes no legal right to refuse the test, we question whether an attorney could ethically advise a client to violate the Implied Consent Law in order to gain a strategic advantage in defending against a charge of driving while under the influence. See RPC 1.2(d).
Affirmed.
NOTES
[1] We note that after Berkemer the Director of Motor Vehicles revised the standard statement read by police to persons arrested for driving while under the influence to state that the right to confer with counsel before being subject to custodial interrogation does not apply to the decision to submit to the breathalyzer test. The pertinent paragraph of the revised standard statement adopted by the Director pursuant to N.J.S.A. 39:4-50.2 reads as follows:

The warnings previously given to you concerning your right to remain silent and right to consult with an attorney do not apply to the taking of breath samples and do not give you the right to refuse to give samples of your breath for purposes of conducting breath tests. You have no legal right to consult with an attorney, physician or anyone else, or have any of these individuals present, for purpose of taking the breath samples....
It has been stipulated that this revised statement was read to defendant.
[2] We note that another panel of this court, in State v. Green, 209 N.J. Super. 347, 354 (App.Div. 1986), has recently rejected a contention, similar to the contention made by defendant, that a driver accused of driving while under the influence has a right under the Fifth and Sixth Amendments to confer with counsel before deciding whether to submit to a breathalyzer test. Green does not address the contention that a driver requested to submit to a breathalyzer test has a right protected by the Due Process Clause of the Fourteenth Amendment to confer with counsel.
[3] However, if an indigent is accused of a motor vehicle offense, such as driving under the influence of alcohol, for which a substantial loss of driving privileges is likely to be imposed upon conviction, he is entitled as a matter of state law to the appointment of counsel. See Rodriguez v. Rosenblatt, 58 N.J. 281, 295 (1971); see also Memorandum to all Assignment Judges and Municipal Court Judges issued by the Administrative Director of the Courts, reprinted at 94 N.J.L.J. 421 (1971) ("`the substantial loss of driving privileges' is considered to be a consequence requiring the assignment of counsel"); R. 3:27-2.