23105

The STATE, Respondent v. Gregory A. ZAREMBA, Appellant.

(386 S. E. (2d) 459)

Supreme Court

*John D. Crumrine,* of *Lempesis Law Firm,* Charleston, *for appellant.*

*Brady Hair, James E. Gonzales,* North Charleston, and *S. Melville Coleman,* Columbia, *for respondent.*

Heard Oct. 19, 1989.

Decided Dec. 4, 1989.

CHANDLER, Justice:

Appellant, Gregory A. Zaremba (Zaremba) was convicted of driving under the influence (DUI). We affirm.

## FACTS

On November 7, 1987, Zaremba was arrested for DUI, taken to the police station, placed in front of a video camera, and read his *Miranda*[1] rights. After requesting counsel, he phoned his attorney who told him to "Go with the flow." The police officer, Craddock, also spoke with Zaremba's attorney, advising that Zaremba was being videotaped. Zaremba again spoke to counsel, saying "I'll just go ahead and go through with it and check with you in a little bit." Upon hanging up, Zaremba said "Okay," to Officer Craddock. During interrogation, Zaremba appeared confused over the date and time, admitting, "I might be under the influence of alcohol." Sobriety tests showed Zaremba to be intoxicated. The sole issue is whether, as contended by Zaremba, the videotaped evidence was obtained in violation of Fifth and Sixth Amendment rights.

---

[1] *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L.Ed. (2d) 694 (1966).

## DISCUSSION

An accused suspect who requests an attorney is not subject to further interrogation by police until counsel has been made available.[2] *Edwards v. Arizona,* 451 U. S. 477, 101 S. Ct. 1880, 68 L. Ed. (2d) 378 (1981). Here, the record reflects both that counsel was made available, and that Zaremba was advised to proceed with the interrogation. Accordingly, no Fifth and Sixth Amendment violations occurred and the videotaped evidence was properly admitted.

Zaremba's remaining exceptions are affirmed pursuant to Supreme Court Rule 23: *State v. Parker,* 271 S. C. 159, 245 S. E. (2d) 904 (1978) (Exceptions 1, 2, 6 & 7); *State v. Newton,* 274 S. C. 287, 262 S. E. (2d) 906 (1980) (Exceptions 4 & 5).

Affirmed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[2] An exception to this rule occurs when an accused initiates further conversation.