23462

The STATE, Respondent v. Bobbie Laney DEGNAN, Appellant.

(409 S.E. (2d) 346)

Supreme Court

*J. Michael Fullwood* and *Elizabeth C. Fullwood,* both of *Fullwood & Fullwood,* Lexington, *for appellant.*

*Jeff M. Anderson,* of *Bouknight, Nicholson, Davis, Frawley & Anderson,* Lexington, *for respondent.*

Heard Sept. 24, 1990.

Decided Aug. 12, 1991.

CHANDLER, Justice:

Bobbie Laney Degnan (Degnan) appeals her conviction for driving under the influence (DUI), first offense.

We affirm.

## FACTS

On June 10, 1988, Degnan was arrested for DUI. She had a strong odor of alcohol on her breath, had difficulty walking, and her speech was slurred. Upon arrival at the West Columbia jail, she told the breathalyzer operator, Deputy Brown, that she had drunk five or six beers.

Deputy Brown offered Degnan a breathalyzer test, advising that refusal would result in a 90-day suspension of her driver's license. She was also advised that, if she took the breathalyzer, "either the arresting officer or I will give you reasonable assistance in contacting a qualified person, of your own choosing to conduct an independent test, at your own expense." Degnan wanted to call her attorney before taking the test but no means were made available. She refused the test, and was then allowed to use the telephone.

At trial, over objection, Degnan's refusal to submit to the breathalyzer was admitted into evidence.

## ISSUES

1. Is a motorist entitled to consult with counsel prior to deciding whether to submit to a breathalyzer test?
2. Was Degnan deprived of the right to obtain an independent blood test?

## DISCUSSION

### I. RIGHT TO COUNSEL

An accused is entitled to assistance of counsel only at critical stages of the proceedings. *State v. Williams*, 263 S.C. 290, 210 S.E. (2d) 298 (1974).

While this Court has not addressed whether administration of a breathalyzer test is a critical stage,[1] many jurisdictions hold that it is not.[2] The basis for this rule is two-prong: (1) a defendant has no constitutional right to refuse to submit to

---

[1] We disagree with Degnan's assertion that this Court held in *State v. Zaremba*, 300 S.C. 81, 386 S.E. (2d) 459 (1989) that the right to counsel attaches prior to administration of the breathalyzer. *Zaremba* involved continued *interrogation* by police after an accused requests counsel. Breathalyzer tests are clearly non-testimonial, *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. (2d) 908 (1966), and, therefore, *Zaremba* is inapplicable to the present case.

[2] *See, generally,* cases collected at West's Keynote No. 641.3(8), *Criminal Law; State v. Howren*, 312 N.C. 454, 323 S.E. (2d) 335 (1984); *State v. Ankney,*

chemical analysis under *Schmerber v. California,*[3] and (2) under implied consent laws, driving upon state highways implies consent to the use of chemical analysis. *See, State v. Howren,* 312 N.C. 454, 323 S.E. (2d) 335 (1984). Moreover, the U.S. Fourth Circuit Court of Appeals has held that no sixth amendment right to counsel is violated when an arrested person is not allowed to consult an attorney before deciding to submit to a breathalyzer. *Logan v. Shealy,* 660 F. (2d) 1007 (4th Cir. 1981).

Although some jurisdictions allow a "reasonable attempt" to consult with counsel,[4] we reject this view. To hold otherwise would interfere with proper administration of the breathalyzer test as required by *State v. Parker.*[5]

Accordingly, we hold that administration of a breathalyzer test is not a critical stage at which an accused is entitled to counsel.

## II. INDEPENDENT BLOOD TEST

In *State v. Lewis,* 266 S.C. 45, 221 S.E. (2d) 524 (1976), we held that the Implied Consent Statute[6] requires law enforcement officers to lend assistance in obtaining additional blood tests "only to a person who has taken the breathalyzer test," 266 S.C. at 48, 221 S.E. (2d) at 526. Although we noted that persons who refuse the test are entitled to a reasonable opportunity to obtain an independent blood test, we held that affirmative assistance is not required.

Here, there is no evidence that Degnan ever requested an independent test, or inquired whether one was available. Further, after refusing the breathalyzer, she was permitted to

109 Idaho 1, 704 P. (2d) 333 (1985); *Wright v. State,* 288 Ark. 209, 703 S.W. (2d) 850 (1986); *State v. Jones,* 457 A. (2d) 1116 (Me. 1983); *People v. Jelneck,* 148 Mich. App. 456, 384 N.W. (2d) 801 (1986); *Anderson v. Commissioner,* 379 N.W. (2d) 678 (Minn. App. 1986); *State v. Armfield,* 214 Mont. 229, 693 P. (2d) 1226 (1984); *State v. Klingelhoefer,* 222 Neb. 219, 382 N.W. (2d) 366 (1986); *State v. DeLorenzo,* 210 N.J. Super. 100, 509 A. (2d) 238 (1986); *Dept. of Transp. v. Mumma,* 79 Pa. Cmwlth. 108, 468 A. (2d) 891 (1983); *State v. Sayles,* 124 Wis. (2d) 593, 370 N.W. (2d) 265 (1985).

[3] 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. (2d) 908 (1966).

[4] *See, State v. Bristor,* 9 Kan. App. (2d) 404, 682 P. (2d) 122 (1984); *City of Tacoma v. Heater,* 67 Wash. (2d) 733, 409 P. (2d) 867 (1966); *State v. Welch,* 135 Vt. 316, 376 A. (2d) 351 (1977) [however, a subsequent Vermont case appears contrary, *see, State v. Lombard,* 146 Vt. 411, 505 A. (2d) 1182 (1985)].

[5] 271 S.C. 159, 245 S.E. (2d) 904 (1978).

[6] Currently codified as S.C. Code Ann. § 56-5-2950 (1987).

use the telephone, which afforded her the opportunity to call an attorney or physician to obtain independent testing.

Assuming, as Degnan contends, that police officers effectively prevented her from obtaining an independent test by advising her that she "must take the [breathalyzer] before an alternate test would be made available," we find any error harmless.

Degnan asserted that denial of an independent blood test mandated suppression of her refusal to take the breathalyzer. The record reflects, however, that she admitted drinking five or six beers, was unable to complete the alphabet, was dazed, had trouble walking and had to lean on the car. In light of the overwhelming evidence of her intoxication, Degnan has shown no prejudice in admission of her refusal to submit to the breathalyzer. *See, State v. Hyder,* 242 S.C. 372, 131 S.E. (2d) 96 (1963). Accordingly, the judgment below is

Affirmed.

GREGORY, C.J., and HARWELL and TOAL, JJ., concur.

FINNEY, A.J., dissenting in separate opinion.

FINNEY, Justice (dissenting):

I respectfully dissent. I would hold that a person arrested for driving under the influence (DUI) is entitled to make a reasonable attempt to consult counsel before submitting to or refusing a breathalyzer test.

It is my view that a proper balancing of the state's duty to prosecute DUI offenders and the right of an accused to consult counsel could be achieved by adopting the "reasonable attempt" test.[1] I feel that adoption of such a test would not place a prohibitive burden upon the state either in terms of affording the opportunity or establishing effective waiver. By its very nature, the "reasonable attempt" test minimizes the potential for abuse on the part of an accused.

The majority rationalizes that, if adopted, the "reasonable

---

[1] Under the "reasonable attempt" test, an accused in a DUI case is afforded a reasonable opportunity to consult counsel before being required to submit to or refuse a breathalyzer test. If, after a reasonable attempt, the accused is unable to obtain the advice of counsel, he may be required to proceed without the aid of counsel. *Sites v. State,* 300 Md. 702, 481 A. (2d) 192 (1984); *People v. Gursey,* 22 N.Y. (2d) 224, 292 N.Y.S. (2d) 416, 239 N.E. (2d) 351 (1968).

attempt" test would interfere with proper administration of the breathalyzer test. The majority opinion is ambiguous as to such interference and articulates no factual basis for prohibiting adoption of the test. However, as I read the rules and regulations for implementing S.C. Code Ann. § 56-5-2950 (1987), a period of twenty minutes is designated for observation of an accused before the breathalyzer test can be administered. *See State v. Parker*, 271 S.C. 159, 245 S.E. (2d) 904 (1978). I would suggest, as one option, that this twenty-minute period could be used to afford an accused the opportunity to communicate with an attorney without undue interference with or delay of the orderly police process.

To the extent the majority relies upon *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. (2d) 908 (1966), for the proposition that an accused has no constitutional right to refuse to submit to a breathalyzer test, I find such reliance inoperative under our statutory scheme. In *Schmerber*, the United States Supreme Court found no denial of due process rights nor any violation of the fourth, fifth or sixth amendment rights of the accused, based upon its conclusion that under California law, an accused could not legally refuse to take the test. Conversely, under the South Carolina statute, an accused may legally refuse to submit to a breathalyzer test and suffer the consequences—suspension of driving privileges.

The majority opinion does not elucidate the fact that in *State v. Lewis*, 266 S.C. 45, 221 S.E. (2d) 524 (1976), the accused was afforded the opportunity to make a telephone call both before and after being offered the breathalyzer test. The Court, in *Lewis*, said:

> We are of the opinion that Lewis was entitled to a reasonable opportunity to obtain a blood test even though he refused to take the breathalyzer test. Although § 46-344 does not expressly give a person this right, we do not construe the statute as depriving a person arrested for driving under the influence, who refuses to take a breathalyzer test, of a reasonable opportunity to obtain a blood test. However, we do not agree that Lewis was not afforded a reasonable opportunity because Harrelson refused to affirmatively assist him. What is reasonable will, of course, depend on the circumstances of each case.

Additionally, I would reverse on the ground that the statement of the case reveals appellant was told that in order to obtain an alternative test, she would first have to submit to the breathalyzer test. Such a requirement is contra to the holding of this Court in *State v. Lewis, supra.*