Harold Wayne CARROLL *v.* STATE of Arkansas

CA CR 90-225                       814 S.W.2d 913

Court of Appeals of Arkansas
Division II
Opinion delivered September 4, 1991

*Howell, Price, Trice, Basham & Hope, P.A.*, by: *Robert J. Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ELIZABETH W. DANIELSON, Judge. Appellant Harold Wayne Carroll appeals the ruling of the Garland County Circuit Court which found him guilty of refusing a breathalyzer test and suspended his driver's license for six months. Carroll claims he was confused by the actions of the sheriff's deputies as to whether he had the right to consult an attorney prior to taking a breathalyzer test and should therefore not be held criminally responsible for refusing to take the test. We find no error and affirm.

Carroll was returning to Little Rock from Hot Springs when he was stopped by the state police and charged with speeding, passing on a double yellow line, and driving while intoxicated. He was later acquitted of the driving while intoxicated charge and paid fines for speeding and passing on a double yellow line. At the Garland County Sheriff's Department, Carroll was handed a form stating his *Miranda* rights, which he read, and then wrote at the bottom of the form, "I have an attorney." Immediately after Carroll read his *Miranda* rights, the state trooper read Carroll

the implied consent form, based on Ark. Code Ann. § 5-65-202 (1987), which explains that one who operates a motor vehicle in Arkansas is deemed to give his consent to a breathalyzer test to determine if he is legally intoxicated, explains the punishment for refusing to submit to such a test, and also explains that he does not have the right to speak with an attorney prior to deciding whether to take the test. Carroll subsequently refused to take the test.

Carroll claims that he was confused by the conduct of the law enforcement officers in that after being given his *Miranda* rights he was then read his rights under the implied consent statute and told that he did not have a right to consult with his attorney prior to taking the breathalyzer test. Carroll was then allowed to consult with a companion, an attorney, who was with him at the time he was arrested. This attorney was allowed to offer counsel to Carroll and on several occasions to consult another attorney by telephone. After about an hour, while the attorney was on the telephone, Carroll was again asked if he was going to take the test. Carroll asked to speak with his attorney and was told she had said he would have to make up his own mind about taking the test. Carroll claims that the officers' actions were inconsistent, confusing him as to his right to counsel before a breathalyzer test, and because of this he should not be held criminally liable for the refusal to submit to the breathalyzer test. According to *Marx* v. *State*, 291 Ark. 325, 724 S.W.2d 456 (1987), there is no constitutional right to counsel in connection with the test.

Appellant relies on *Wright* v. *State*, 288 Ark. 209, 703 S.W.2d 850 (1986), but there are important distinctions between that case and the one at bar. In *Wright*, the defendant was read his *Miranda* rights in connection with a law enforcement officer's own explanation of the implied consent law, which did not inform the defendant that he did not have the right to counsel before deciding to take the test. Confusion resulted when the defendant in *Wright* was given two opportunities to reach his attorney, which confirmed his mistaken notion that he had a right to consult his attorney prior to taking a blood alcohol test. The supreme court held that the defendant in *Wright* should not be held accountable for a refusal to take the test because of the inherent confusion caused by reading the *Miranda* rights together with the officer's version of the implied consent form.

■ Although appellant Carroll was read his *Miranda* rights and allowed to consult with his attorney companion, he was also explicitly told he did not have the right to consult an attorney before taking the breathalyzer test. The "inherent confusion" present in *Wright* was therefore not present in this case and the conviction is affirmed.

Affirmed.

CRACRAFT, C.J., and ROGERS, J., agree.