23781

The STATE, Appellant v. Paul A. SULLIVAN, Respondent.
(426 S.E. (2d) 766)

Supreme Court

*Joseph H. Lumpkin, Jr., Asst. Chief Counsel,* of *S.C. Dept. of Highways and Public Transp.,* Columbia, *for appellant.*

*Michael S. O'Neal* and *Reese I. Joye, Jr.,* both of the *Joye Law Firm,* North Charleston, *for respondent.*

Heard May 4, 1992.

Decided Jan. 11, 1993.

FINNEY, Justice:

The state appeals from a circuit court order which reversed

and remanded for a new trial Respondent Paul A. Sullivan's magistrate court conviction for driving under the influence of alcohol. We reverse.

On November 8, 1989, Trooper Dan Merritt was directing traffic across the damaged Ben Sawyer Bridge when the respondent failed to heed his signal to stop, forcing the trooper to jump from the path of respondent's vehicle. Trooper Merritt yelled for the respondent to stop and the vehicle came to a halt. The trooper smelled a strong odor of alcohol on the respondent's breath and after administering the horizontal gaze nystagmus (HGN) and other field sobriety tests, he arrested the respondent for driving under the influence of alcohol or drugs (DUI), first offense.

On March 15, 1990, the respondent was convicted in magistrate court. The respondent made a posttrial motion for a new trial which the magistrate took under advisement. By letter dated March 29, 1990, the magistrate denied the motion. On April 20, 1990, respondent served notice of intent to appeal, and filed a supplement to his notice on June 5, 1991. The circuit court reversed and remanded the case upon the following grounds:

> 1. That the respondent had timely objected to evidence from the HGN test; and the magistrate erred in admitting such evidence because a) the arresting officer was not sufficiently trained in the theory and administration of the scientific/medical test; b) the testimony was highly speculative; and c) any probative value was far outweighed by the prejudicial effect of such "pseudo-scientific" evidence.
>
> 2. That the magistrate improperly denied respondent's motion to suppress evidence of his refusal to submit to the breathalyzer test based upon the state's failure to provide reasonable assistance for the respondent to obtain an independent blood test.

Initially, appellant asserts that the circuit court erred in hearing the case when the appeal from magistrate court was not filed within ten days of the jury verdict. The state relies on S.C. Code Ann. § 18-3-30 (1985), which provides that "the appellant shall, within ten days after sentence, serve notice of appeal upon the magistrate who tried the case, stating the

grounds upon which the appeal is founded."

However, the statutory time for appeal has been enlarged by the following amendment regarding procedure in magistrate court:

No motion for a new trial may be heard unless made within five days from the rendering of the judgment. The right of appeal from the judgment exists for twenty-five days after the refusal of a motion for a new trial.

S.C. Ann. § 22-3-1000 (Supp. 1991).

The state argues that respondent's appeal is from the DUI conviction and not from the denial of his motion for a new trial. Section 22-3-1000 specifically provides that the right of appeal from the judgment exists for twenty-five days after refusal of a motion for a new trial. As a rule, specific laws prevail over general laws, and later legislation takes precedence over earlier legislation. *Lloyd v. Lloyd,* 295 S.C. 55, 367 S.E. (2d) 153 (1988). We hold that the circuit court properly exercised jurisdiction over respondent's timely appeal.

The state next asserts that the circuit court erred in considering respondent's supplement to his notice of intent to appeal. The record does not reflect that the appellant objected to the filing of the supplement nor an exception before the circuit court. To preserve an issue for appellate review, an appellant must object at his first opportunity. See *State v. Williams,* 303 S.C. 410, 401 S.E. (2d) 168 (1991). Nonetheless, we find that the issue was preserved for appeal by respondent's objection during trial to the introduction of evidence from field sobriety tests.

Seeking to elucidate Exception 14 under "Other Grounds," the respondent filed a supplement to his notice of intent to appeal on June 5, 1991, over one year after the notice was filed, asserting error in the admission of testimony regarding the HGN test. Section 18-3-30 requires that within ten days after sentencing, the notice of appeal shall be served stating the grounds for appeal.[1] Exception 14 of the notice of intent to appeal follows in its entirety:

---

[1] We discern no inconsistency between the "ten days after sentence" provision in Section 18-3-30 and the "twenty-five days after refusal of a motion for a new trial" provided in Section 22-3-1000. The determination of which statute is applicable shall be based upon the facts of the particular case.

Whatever additional grounds that may appear as a result of the Return and/or the Transcript of Record.

We find the scope of Exception 14 too broad, in and of itself, to constitute a sufficient ground for appeal. However, we conclude that under the circumstances of this case, it is adequate to put the state on notice that additional exceptions may be asserted. The validity of the supplement to the notice of appeal is not before this Court inasmuch as it was not objected to nor was the issue of validity raised before or ruled upon by the circuit court.

Next, the state contends the circuit court erred in ruling inadmissable the testimony of the arresting officer concerning respondent's HGN test.

The circuit judge expressed skepticism regarding HGN tests and noted that nystagmus may be caused by physiological forces other than alcohol consumption.[2] Additionally, the circuit court related reservations about police officers conducting and interpreting a medical/scientific test.

The record reflects that Trooper Merritt had received approximately twenty hours of training in HGN testing at DUI Detection School. Trooper Merritt testified that rather than being a medical test, the HGN test was a test of reaction analogous to standing on one foot.

This Court concludes that evidence resulting from HGN tests, as from other field sobriety tests, is admissible when the HGN test was used to elicit objective manifestations of soberness or insobriety. *See State v. Nagel*, 30 Ohio App. (3d) 80, 506 N.E. (2d) 285 (1985). We hold that evidence arising from HGN tests is not conclusive proof of DUI. A positive HGN test result is to be regarded as merely circumstantial evidence of DUI. Furthermore, HGN tests shall not constitute evidence to establish a specific degree of

---

[2] Nystagmus is described as an involuntary jerking of the eyeball, a condition that may be aggravated by the effect of chemical depressants on the central nervous system. *State v. Superior Court of County of Cochise*, 149 Ariz. 269, 271, 718 P. (2d) 171, 173 (1986) (citing The Merk Manual of Diagnosis and Therapy) (14th ed. 1982). The HGN test consists of the driver being asked to cover one eye and focus the other on an object held at the driver's eye level by the officer. As the officer moves the object gradually out of the driver's field of vision toward his ear, he watches the driver's eyeballs to detect involuntary jerking. *Id.*

blood alcohol content. *See State v. Garrett,* 119 Idaho 878, 811 P. (2d) 488 (1991).

We hold that testimony relating to the HGN test was ■ admissible in the present case because the HGN test was used in conjunction with other field sobriety tests to establish evidence of DUI.

Finally, the state contends the circuit court erred in finding that respondent was denied reasonable assistance in obtaining an independent blood test after he refused a breathalyzer test. We agree.

In *State v. Lewis,* 266 S.C. 45, 221 S.E. (2d) 524 (1976), this Court held that an officer does not have a duty to affirmatively assist persons in obtaining any independent tests when the accused refuses the breathalyzer test. *Lewis* only requires that a reasonable opportunity to obtain an independent blood test be afforded a person who refuses a breathalyzer test. *See State v. Degnan,* 305 S.C. 369, 409 S.E. (2d) 346 (1991).

The record reflects that the respondent was permitted ■ the use of a telephone during the period of observation.

We conclude that the "reasonable opportunity" requirement enunciated in *Lewis* and *Degnan* were met in that the respondent was afforded ample time and the means by which to make arrangements for independent testing.

Accordingly, the circuit court order which reversed and remanded respondent's DUI conviction is reversed; respondent's magistrate court conviction and sentence are reinstated.

Reversed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.