THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Horry County, Respondent,
 v.
 Brenda R. Babb, Appellant.
 
 
 

Appeal From Horry County
Thomas W. Cooper, Jr., Circuit Court Judge
Unpublished Opinion No. 2007-UP-244
Submitted May 1, 2007  Filed May 22, 2007
AFFIRMED

 
 
 
 Brenda R. Babb, of Calabash, pro se, Appellant.
 John L. Weaver, of Conway, for Respondent.
 
 
 

PER CURIAM:  The circuit court dismissed Brenda Babbs appeal of a magistrates court conviction for failure to register a vehicle.  We affirm.[1]
FACTS
On February 11, 2004, Babb was convicted in magistrates court of failure to register a vehicle.  On February 18, 2004, Babb filed a notice of appeal with the circuit court.  On February 24, 2004, Babb filed a motion for new trial with the magistrate.[2]  The motion included no accompanying statement of service on Horry County.  The notice of appeal included a certificate of service indicating it was served on the county.  The county denies receipt, averring it first received notice via facsimile on March 16, 2004.  
The county then faxed a copy of the notice of appeal to the magistrate.  Babb never served the notice of appeal on the magistrate.  In a return filed March 30, 2004, the magistrate first addresses the motion, denying it as untimely served.  
 
The circuit court dismissed the appeal due to Babbs failure to timely serve the notice of appeal on the magistrate.  
LAW/ANALYSIS
Babb argues the circuit court erred in dismissing her appeal for untimely service on the magistrate because she filed a motion for new trial with the magistrate, staying the time to serve her notice of appeal.  We disagree.
An appeal from a magistrate court conviction must be served on the magistrate within ten days of sentence.  S.C. Code Ann. § 18-3-30 (1985).  The circuit court cannot relieve one convicted before a magistrate who has failed to timely serve the magistrate.  Gibbes v. Beckett, 84 S.C. 534, 536, 66 S.E. 1000, 1001 (1910).  Babb never served the notice of appeal on the magistrate and the county did not provide the magistrate with a copy until March 16, 2004, at the earliest.  
 
Babb argues, however, her motion for new trial stayed the time to serve the notice of appeal.  We disagree.  Babb relies on Rule 29(a), SCRCrimP, which provides in relevant part: post trial motions shall be made within ten (10) days after the imposition of the sentence.  In cases involving appeals from convictions in magistrates or municipal court, post trial motions shall be made within ten (10) days after receipt of written notice of entry of the order or judgment disposing of the appeal.  Rule 29(a), SCRCrimP.  However, section 22-3-1000 of the South Carolina Code governs the issue in this case.  Section 22-3-1000 requires a post-trial motion for new trial, following a conviction in magistrates court, to be made within five days of judgment.  S.C. Code Ann. § 22-3-1000 (2007).  We find support for this proposition from our supreme courts holding in State v. Sullivan, 310 S.C. 311, 426 S.E.2d 766 (1993).  In Sullivan, the court reiterated the general tenet of applying a specific rule over a general rule.  Id. at 314, 426 S.E.2d at 768.  In Sullivan, the general rule considered was section 18-3-30, which governed appeals in general.  The court held because section 22-3-1000 dealt specifically with motions for new trial, rather than appeals in general, section 22-3-1000 prevailed.  Id.  Because Babbs motion for new trial was not served on the magistrate until February 19 at the earliest, more than five days after judgment, it was not timely served.  Only a timely served motion for a new trial extends the time for filing a notice of appeal.  See generally Elam v. S.C. Dept of Transp., 361 S.C. 9, 15, 602 S.E.2d 772, 775 (2004) (discussing effects of post-trial motions).
Finally, Babb argues the circuit court erred in rejecting her contention that because we have a unified judicial system, the filing of the notice of appeal with the circuit court equates to service on the magistrate.  We disagree.  Our judicial system is defined as a unified judicial system.  S.C. Const. art. V, § 1.  The magistrate courts are included in this system.  State ex rel. McLeod v. Crowe, 272 S.C. 41, 46, 249 S.E.2d 772, 775 (1978).  However, section 18-3-30 specifically addresses the burden upon an appellant to perfect an appeal from magistrate court providing:  [t]he appellant shall . . . serve notice of appeal upon the magistrate . . . .  S.C. Code Ann. § 18-3-30 (1985).  The unification of our court system does not relieve an appellant of the statutory mandate.  We find no error.  
 
AFFIRMED.
STILWELL, SHORT, and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Babb argues she filed the motion for new trial on February 19, 2004.  For purposes of this appeal, either filing date results in the same disposition.