THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 PHH Mortgage
 Corporation, Respondent,
 
 
 
 
 

v.

 
 
 
 Harold E. Ross,
 II, Lysa J. Ross, Devon Forest Homeowners Association-Buxton, Inc., Defendants,
 
 
 of whom Harold
 E. Ross, II, and Lysa J. Ross are the Appellants.
 
 
 
 
 

Appeal From Berkeley County
Robert E. Watson, Master-in-Equity

Unpublished Opinion No.  2011-UP-144
 Submitted April 1, 2011  Filed April 11,
2011

AFFIRMED

 
 
 
 David K. Haller, of Charleston, for
 Appellants.
 John Judson Hearn, of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  After
 Harold E. Ross, II, and Lysa J. Ross (collectively the Rosses) failed to pay
 their mortgage loan, their lender initiated foreclosure proceedings.  The
 master-in-equity entered an order of default against the Rosses.  They appeal,
 arguing the master erred in refusing to consider their motion (1) pursuant to Rule 59(e), SCRCP, when the lender failed
 to present evidence of service; and (2) pursuant to Rule 60, SCRCP, despite
 evidence the lender engaged in fraudulent conduct.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1.  As to the master's consideration
 of the Rosses' motion pursuant to Rule 59(e) and evidence of service:  Rule
 210(h), SCACR ("[An] appellate court will not consider any fact which does
 not appear in the Record on Appeal."); Dixon v. Dixon, 362 S.C. 388,
 399, 608 S.E.2d 849, 854 (2005) (holding an issue raised for the first time in
 a post-trial motion such as one pursuant to Rule 59(e), SCRCP, is not preserved
 for appellate review); Doe v. S.B.M., 327 S.C. 352, 356-57, 488 S.E.2d
 878, 881 (Ct. App. 1997) (citing State v. Sullivan, 310 S.C. 311, 426
 S.E.2d 766 (1993)) (requiring a party to object at his first opportunity to preserve
 an issue for appellate review); Bonaparte
 v. Floyd, 291 S.C. 427, 444, 354 S.E.2d
 40, 50 (Ct. App. 1987) (placing upon the appellant the burden of providing a record on appeal sufficient for
 review).  
2.  As to the master's consideration
 of the Rosses' motion pursuant to Rule 60 and evidence of fraudulent conduct:  Rule 60(b)(3), SCRCP (permitting a party to move the trial court for relief from a final judgment on
 the basis of "fraud,
 misrepresentation, or other misconduct of an adverse party"); Chewning
 v. Ford Motor Co., 354 S.C. 72, 78, 579 S.E.2d 605, 608 (2003) ("Generally
 speaking, only the most egregious misconduct, such as bribery of a judge or
 members of a jury, or the fabrication of evidence by a party in which an
 attorney is implicated will constitute fraud on the court.  Less egregious
 misconduct, such as nondisclosure to the court of facts allegedly pertinent to
 the matter before it, will not ordinarily rise to the level of fraud on the
 court."); Hillman v. Pinion, 347 S.C. 253, 255, 554 S.E.2d 427, 429 (Ct. App.
 2001) ("Motions for relief under Rule 60(b) are within the trial court's
 discretion, and this court will not reverse the trial court absent an abuse of
 discretion.").  
AFFIRMED.  
WILLIAMS,
 GEATHERS, and LOCKEMY, JJ., concur.

[1]  We decide this
 case without oral argument pursuant to Rule 215, SCACR.