Johnny Charles HENLEY *v.* H.A. TAYLOR, Circuit Judge

CR 96-297                                            918 S.W.2d 713

Supreme Court of Arkansas
Opinion delivered April 1, 1996

*John F. Gibson, Jr.*, for petitioner.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Sr. Appellate Advocate for respondent.

■ PER CURIAM. Johnny Charles Henley petitions for certiorari and mandamus contending the Lincoln Circuit Court improperly denied his motion for pretrial release. Certiorari is the proper remedy to review a circuit court's determination of the availability of bail. *Thomas v. State*, 260 Ark. 512, 542 S.W.2d 284 (1976).

Mr. Henley was charged with attempted murder and aggravated assault on February 14, 1996. On February 16, 1996, Circuit Judge Fred Davis, without conducting a pre-trial release inquiry, ordered Mr. Henley held without bond. Mr. Henley moved to set bond. The motion was heard by Judge H.A. Taylor.

Shortly after Mr. Henley filed his motion to set bond, the State moved the Circuit Court to commit Mr. Henley to the Southeast Arkansas Mental Health Center for a mental examination. The examination was to be "for the purpose of determining whether or not the Defendant is a clear and present danger to himself, to others, or both, as defined in Ark. Code Ann. § 20-47-207(c)." Judge Taylor granted the motion.

In a report filed in the Circuit Court, Dr. Malik of the Southeast Arkansas Mental Health Center observed that Mr. Henley has a long history of violence and he tends to become violent when he uses drugs and alcohol. For those reasons, Dr. Malik concluded Mr. Henley was a danger to others.

Mr. Henley's petition states that based on Dr. Malik's opinion, Judge Taylor refused to set any conditions for his pretrial release, and in doing so stated, "I am familiar with Rule 9.3 of the Arkansas Rules of Criminal Procedure, but if any judge is going to release Mr. Henley, it's not going to be this judge." Mr. Henley argues that under A.R.Cr.P. 9.3, Judge Taylor did not have the option to refuse his pretrial release. We agree.

■ Article 2, § 8, of the Arkansas Constitution provides that "All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when proof is evident or the presumption great." Stated another way, a criminal defendant has an absolute right before conviction, except in capital cases, to a reasonable bail. *Reeves v. State*, 261 Ark. 385, 548 S.W.2d 822 (1977), *See*

*also Duncan v. State,* 308 Ark. 205, 823 S.W.2d 886 (1992). If the defendant is determined to be dangerous, Rule 9.3 sets forth the conditions a judicial officer may place upon a defendant's bail if he is determined to be dangerous:

Prohibition of Wrongful Acts Pending Trial.

If it appears that there exists a danger that the defendant will commit a serious crime or will seek to intimidate witnesses, or will otherwise unlawfully interfere with the orderly administration of justice, the judicial officer, upon the release of the defendant, may enter an order:

(a) prohibiting the defendant from approaching or communicating with particular persons or classes of persons, except that no such order shall be deemed to prohibit any lawful and ethical activity of defendant's counsel;

(b) prohibiting the defendant from going to certain described geographical areas or premises;

(c) prohibiting the defendant from possessing any dangerous weapon, or engaging in certain described activities or indulging in intoxicating liquors or in certain drugs;

(d) requiring the defendant to report regularly to and remain under the supervision of an officer of the court.

As can be seen from the constitutional provision and the criminal procedure rule, a non-capital defendant's absolute right to bail may only be curbed by the setting of certain conditions upon his release, and not its complete denial. Although the mental examination provided Judge Taylor with a basis for setting stringent conditions on Mr. Henley's release, it did not give him the option of refusing to release him from incarceration.

Although a probate court may in some instances, after appropriate hearings, involuntarily commit for an extended period a mentally ill person who is dangerous to himself or herself or others, Ark. Code Ann. §§ 20-47-201 through 20-47-228 (Repl. 1991 and Supp. 1995), the jurisdiction of a circuit court with respect to criminal defendants thought to be mentally ill is limited. *See Schock v. Thomas* 274 Ark. 493, 625 S.W.2d 521 (1981).

We grant the writ of certiorari and remand to the Circuit Court for further hearing and orders consistent with this opinion.

GLAZE and CORBIN, JJ, dissent.

TOM GLAZE, Justice, dissenting.* Noting Johnny Henley's long history of violence and a psychiatric evaluation reflecting that he is a danger to others, the trial judge denied Henley's release prior to trial. The trial court is mandated to conduct a pretrial release inquiry in felony cases where the prosecutor does not stipulate to a defendant's release, and the trial court did so in this case. However, contrary to the majority per curiam opinion, the trial court is *not* required to release the defendant after such an inquiry is conducted. In fact, A.R.Cr.P. Rule 9.1 provides that "the judicial officer *may* release the defendant . . . upon an order to appear." (Emphasis added.) *See also* Ark. Code Ann. § 16-84-110 (Supp. 1995) (before conviction, the defendant may be admitted to bail). Consistent with Rule 9.1, A.R.Cr.P. Rule 9.3 provides as follows:

> If it appears there exists a danger that the defendant will commit a serious crime or will seek to intimidate witnesses, or will otherwise unlawfully interfere with the orderly administration of justice, *the judicial officer*, upon the release of the defendant, *may* enter an order:
>
> (a) prohibiting the defendant from approaching or communicating with particular persons or classes of persons, except that no such order shall be deemed to prohibit any lawful and ethical activity of defendant's counsel;
>
> (b) prohibiting the defendant from going to certain described geographical areas or premises;
>
> (c) prohibiting the defendant from possessing any dangerous weapon, or engaging in certain described activities or indulging in intoxicating liquors or in certain drugs;
>
> (d) requiring the defendant to report regularly to and remain under the supervision of an officer of the court. (Emphasis added.)

The majority reads Rule 9.3 to read the trial judge *must* enter an order releasing a defendant, and in doing so imposes applicable restrictions (a) through (d) above. Such a reading is erroneous.

Obviously, the restrictions in Rule 9.3 are worthless if, for example, you have a defendant like Henley, who suffers from mental disease and an addiction which would likely cause him to be

*Reporter's note*: Also published at 922 S.W.2d 681 (1996).

a danger to others. The judge voiced that concern here, the record supports his concern, and therefore, he clearly did not abuse his discretion in denying Henley's request to be released.

In conclusion, I am vitally concerned when this court interprets its own rules to permit dangerous defendants to assimilate into society with no more than a paper court order to protect people. Trial courts, after appropriate inquiry, should be given authority and discretion to make difficult release decisions, and the appellate court's review should be limited to determining if the lower court abused its discretion in making its decision. In my view, telling a trial court it has no discretion to deny a dangerous defendant a release is irresponsible on this court's part.

CORBIN, J., joins this dissent.