The Honorable Roy Ragland State Representative Post Office Box 610 Marshall, AR 72650-0610
Dear Representative Ragland:
I am writing in response to your request for an opinion on the following:
 I have attached a copy of HB1722 of 2007 that authorizes a law enforcement agency or local correctional facility to hold a person who has been arrested for driving while intoxicated, prior to release under bond or otherwise, until the alcohol concentration is less than eight-hundreths (0.08) in the person's breath or blood and the person is no longer intoxicated. The bill provides that a law enforcement officer shall determine if the person is no longer intoxicated and to be released if the person refuses the administration of a chemical test for determination of the alcohol concentration in the person's breath or blood. The person may not be held, prior to release under bond or otherwise, under the provisions of the bill for more than six (6) hours.
 With respect to the provisions of HB1722 of 2007, please answer the following questions:
 1. When a person has an absolute right to refuse a breathalyzer test, is it unconstitutional to deny the person bond because a law enforcement officer believes the person is intoxicated? *Page 2 
 2. Is it unconstitutional to hold a person prior to release under bond if the person is financially able to post bond pursuant to a standing court order?
 3. Is the bill constitutionally suspect because it does not provide guidelines concerning when or how often a person may request administration of a chemical test for determination of the alcohol concentration in the person's breath or blood?
 4. Is the bill constitutionally suspect because it does not provide guidelines concerning the method, manner, or protocol for the administration of a chemical test for determination of the alcohol concentration in the person's breath or blood after an initial chemical test is performed or after a person refuses an initial test?
 5. In your opinion, would HB1722 violate any provisions of the United States Constitution or the Arkansas Constitution?
RESPONSE
In my opinion, House Bill 1722 of 2007 ("H.B.1722") would likely be held unconstitutional as a legislative encroachment on the judiciary's power over pre-trial release by bail or order of court to the extent that it would authorize a law enforcement agency or local correctional facility to continue to hold an arrestee who has been ordered released on bail or otherwise by a court.
Question One: When a person has an absolute right to refuse abreathalyzer test, is it unconstitutional to deny the person bondbecause a law enforcement officer believes the person isintoxicated?
Initially, I must note that while there is a right to refuse a breathalyzer test, such refusal can result in a criminal violation against the person who refuses the test. By law, operating a motor vehicle demonstrates an implied consent to submit to a breathalyzer. A.C.A. § 5-65-202 (Repl. 2005). An individual who is under arrest does have the "right" to refuse to submit to a breathalyzer or other chemical test. Wright v. State, 288 Ark. 209, 703 S.W.2d 850 (1986). However, failure to submit to a breathalyzer at the request of a law enforcement officer will result in the separate criminal violation of refusal to submit to a chemical test and separate *Page 3 
penalties for such a violation. A.C.A. § 5-65-205 (Repl. 2005); seealso Op. Att'y Gen. 2000-252.
In light of the above, your initial question appears to be whether it is constitutional for an individual who has been arrested for a violation of A.C.A. § 5-65-103 to be detained pursuant to the provisions of H.B.1722. House Bill 1722 would amend A.C.A. § 5-65-107 to include the following subsection:
 (c)(1) A law enforcement agency or a local correctional facility may hold a person who has been arrested for violating § 5-65-103, prior to release under bond or otherwise, until the alcohol concentration is less than eight-hundredths (0.08) in the person's breath or blood based upon the definition of breath, blood, and urine concentration in § 5-65-204 and the person is no longer intoxicated.
 (2) If a person refuses the administration of a chemical test described in § 5-65-203 for determination of the alcohol concentration in the person's breath or blood, a law enforcement officer shall determine when the person is no longer intoxicated and to be released subject to the limitation under subdivision (c)(3) of this section.
 (3) A person shall not be held, prior to release under bond or otherwise, under subdivision (c)(1) or (c)(2) of this section for more than six (6) hours.
H.B. 1722 of 2007, § 1. The bill allows a law enforcement agency or local correctional facility to hold the arrestee "prior to release on bond or otherwise. . . ."[1] H.B. 1722 of 2007, § 1. In my opinion, this phrase is ambiguous in the context of H.B.1722. One interpretation of this language would allow a law enforcement agency or local correctional facility to hold an arrestee under the provisions of H.B.1722 regardless of whether the arrestee has posted bond or otherwise been ordered released. The other interpretation is that H.B.1722 would authorize a law enforcement agency or a local correctional facility to hold an *Page 4 
arrestee only until the arrestee is ordered released pursuant to some other authorized method. This distinction is important because if the first interpretation is accepted, in my opinion the bill is unconstitutional as intruding upon the power of the judiciary. If the second interpretation is accepted, the bill may, in many cases, be ineffective in light of the fact that release pursuant to a standing court order may be automatic upon satisfaction of the conditions set forth in such an order.
With respect to the first interpretation proffered above, the Arkansas Constitution provides that: "All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great." Ark. Const. art. 2, § 8. This section has been interpreted to mean that there is an absolute right to bail before conviction, except in capital cases. See Henley v.Taylor, 324 Ark. 114, 918 S.W.2d 713 (1996); and Duncan v. State,308 Ark. 205, 823 S.W.2d 886 (1992). The procedures for determining bail, including whether any amount of bail will be required, are set forth in the Arkansas Rules of Criminal Procedure Rule 8, "Release by Judicial Officer at First Appearance," and Rule 9, "The Release Decision." The Rules of Criminal Procedure were enacted "pursuant to Act 470 of 1971, and in harmony with the Court's constitutional superintending control over all trial courts[.]" In the Matter of Rules of CriminalProcedure, 259 Ark. 863, 530 S.W.2d 672 (1975) (per curiam). Since the original promulgation of The Rules of Criminal Procedure, Amendment 80
to the Arkansas Constitution has expressly specified that the Arkansas Supreme Court is vested with "the judicial power" of the state. Ark. Const., amend. 80, § 1. This includes the authority to prescribe the rules of pleading, practice, and procedure for all courts. Id. at § 3. While the General Assembly has the authority to pass substantive laws, the promulgation of the procedural rules by which those are enforced is constitutionally vested in the judiciary pursuant to Amendment 80 to the Arkansas Constitution. Summerville v. Thrower, No. 06-501 slip op. (Ark., Mar. 15, 2007) (striking A.C.A. § 16-14-209(b) as an unconstitutional encroachment on the court's vested right to regulate the civil procedure of courts under Amendment 80.). When a legislative enactment burdens the constitutionally vested authority of the Arkansas Supreme Court over judicial procedure, the court will not hesitate to strike such a statute as unconstitutional. See, e.g, Casement v.State, 318 Ark. 225, 230 S.W.2d 480 (1994); and Weidrick v. Arnold,310 Ark. 138, 835 S.W.2d 834 (1992). *Page 5 
The Arkansas Supreme Court recently repeated its clarifications between substantive and procedural laws in Summerville, supra. Specifically, the court stated:
 The boilerplate definition of substantive law is "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of the parties," while procedural law is defined as "[t]he rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves." Black's Law Dictionary 1443, 1221 (7th ed. 1999).
Id. at 8. The right to bail is a substantive right that emanates from the Arkansas Constitution. Henley v. Taylor, 324 Ark. 114,918 S.W.2d 713 (1996);see also Larrimore v. State, 339 Ark. 167, 3 S.W.3d 680
(1990). The procedure to set bail, however, requires a court to impose money bail only as a last resort to insure the appearance of the defendant in court. See Foreman v. State, 317 Ark. 146, 875 S.W.2d 853
(1994); see also Thomas v. State, 260 Ark. 512, 522, 542 S.W.2d 284
(1976); and Ark. R. Crim. P. 9.2(a). Rule 9.2 of the Arkansas Rules of Criminal Procedure has specifically been held to be a procedural rule properly promulgated pursuant to the Court's inherent constitutional superintending control over practice and procedure. Miller v.State, 262 Ark. 223, 226, 555 S.W.2d 563 (1977).
With regard to release without money bail, Rule 9.1 authorizes the appropriate judicial officer to determine whether to release a criminal defendant on his or her own recognizance or on an order to appear and whether to impose conditions on the release. Before the granting of money bail, Rule 9.2(a) requires a judicial officer to "determine that no other conditions will reasonably ensure the appearance of the defendant in court." Rule 9.1 provides conditions that may be imposed on a defendant who is released without money bail. Therefore, in my opinion, Rule 9.1 governing the standards of pre-trial release without money bail would also be considered a procedural rule governing the proper judicial enforcement of the constitutional right to bail.
As noted above, House Bill 1722, depending on its interpretation, may allow a law enforcement agency to continue to detain an individual after a court-ordered release "under bond." In my opinion, if so interpreted, the bill would be held unconstitutional. In effect, this statute could allow a law enforcement agency to ignore a judicial order of release pursuant to the Arkansas Rules of Criminal *Page 6 
Procedure or to impose additional requirements on the release of an individual who has been ordered released pursuant to a judicial order by sufficient sureties of money bail or otherwise.
A statute regulating procedure that conflicts with a court's procedural rules will only be granted deference to the extent that the statute does not compromise the rule's purpose and effectiveness.See, e.g., Casement, 318 Ark. at 230. House Bill 1722 would compromise both the purpose and effectiveness of Rule 9.1 and 9.2 of the Arkansas Rules of Criminal Procedure in my opinion. Specifically, the procedure for determining pre-trial release for a criminal defendant is vested within the discretion of the court and H.B.1722 would limit the court's authority to order the release of a defendant. As noted by one of my predecessors, "once a defendant satisfies the requirements imposed by a judicial officer, then the police are bound by the judicial officer's order to discharge the defendant from custody." Op. Att'y Gen. 97-229
(opining that the police could not continue to detain a criminal defendant after he had posted bond on charges of domestic abuse and assault for the purpose of relocating the victim).[2]
With respect to the second interpretation proffered above, in my opinion H.B.1722 would be, in many cases, ineffective. If H.B.1722 only authorizes law enforcement agencies or local correctional facilities to hold an arrestee under its provisions until the arrestee posts bond under Rule 9.2 or is otherwise released under Rule 9.1, a standing court order delineating bond or release provisions may preclude operation of H.B.1722. A standing order from a court, presumably made pursuant to the provisions of Ark. R. Crim. P. 9.2(d)[3], setting money bail or release options for non-felony charges would be an exercise of the above-discussed vested authority of the judiciary.[4] If interpreted in the second possible *Page 7 
manner, House Bill 1722 would not, therefore, prevent release pursuant to a standing order.
Question Two: Is it unconstitutional to hold a person prior to releaseunder bond if the person is financially able to post bond pursuant to astanding court order?
 Question Three: Is the bill constitutionally suspect because it doesnot provide guidelines concerning when or how often a person may requestadministration of a chemical test for determination of the alcoholconcentration in the person's breath or blood?
 Question Four: Is the bill constitutionally suspect because it doesnot provide guidelines concerning the method, manner, or protocol forthe administration of a chemical test for determination of the alcoholconcentration in the person's breath or blood after an initial chemicaltest is performed or after a person refuses an initial test?
 Question Five: In your opinion, would HB1722 violate any provisions ofthe United States Constitution or the Arkansas Constitution?
In light of my response to Question One that H.B.1722 of 2007 is likely unconstitutional on its face, it is not necessary to address the remaining questions of constitutionality posed in your request.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
[1] Generally, release on bond is a procedure by which bail is properly deposited with the appropriate officer. See, e.g., Ark. R. Crim. Pro. 9.2 (2005). Any reference in this opinion to being released on "bail" should be understood to include both the posting of a total amount by the criminal defendant and the posting of a bond in favor of the criminal defendant for the bail ordered.
[2] My predecessor also concluded that a law enforcement agency could not hold an arrestee for some specified amount of time based solely on the crime for which he or she was arrested. Op. Att'y Gen. 97-229. Rather, the agency must comply with the Rules of Criminal Procedure and bring an individual who is arrested without a warrant "promptly" before a court. See Ark. R. Crim. P. 4.1.
[3] Arkansas Rule of Criminal Procedure 9.2(d) states, "Nothing in this rule shall be construed to prohibit a judicial officer from permitting a defendant charged with an offense other than a felony from posting a specified sum of money which may be forfeited or applied to a fine and costs in lieu of any court appearance."
[4] With respect to H.B. 1722, a felony violation of A.C.A. § 5-65-103
would not be subject to a standing court order setting money bail or release conditions if the order is issued pursuant to Rule 9.2(d) because such orders would not limited to non-felony offenses.See note 3, supra.