The Honorable Jack Critcher State Senator #30 Trestle Court Batesville, AR 72501-3711
Dear Senator Critcher:
I am writing in response to your request for an opinion on the following:
 Under Arkansas law, does a sheriff have the authority to issue a bond or any other type of fee to an individual in the custody of law enforcement in exchange for letting that person leave the custody of law enforcement on their own recognizance?
RESPONSE
In my opinion, a sheriff may only charge fees that are set forth in the Arkansas Code. Furthermore, if you are asking whether a sheriff may of his or her own discretion choose to issue a bond to release an individual in custody of law enforcement, the answer is "no." If, however, you are inquiring as to the general authority of a sheriff to accept a bond that has been properly authorized by the judiciary for the release of an individual, in my opinion the Arkansas Code specifically authorizes a sheriff to take bail under certain circumstances. In my opinion, there is no statutory authorization for a sheriff to charge a fee to an individual who is being "released on their own recognizance."
Initially, I must note that I am uncertain as to the exact nature of your request. Generally, a release on ones own recognizance is in lieu of money bail or bond. See Ark. R. Crim. P. 5.1(d). I take your question to be whether a sheriff has the *Page 2 
authority to impose a fee, or otherwise issue a bond to an individual who is in the custody of law enforcement and whom the sheriff determines should be "released on their own recognizance."
With respect to whether a sheriff may issue a bond for the release of an individual on their own recognizance, in my opinion the answer is "no." I assume that by your reference to "issue a bond," you are asking about the authority of a sheriff to accept a bond for the fulfillment of release on bail. See, e.g., Op. Att`y Gen. 2007-042 at fn. 1. Any reference in this opinion to the issuance of bail should be understood to also encompass the posting of a bond to meet the requirements of bail.
If you are asking whether a sheriff has the authority to determine in his or her sole discretion the amount of bond required for an individual to be released on bail, in my opinion the answer is "no." The Arkansas Constitution provides that: "All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great." Ark. Const. art. 2, § 8. This section has been interpreted to mean that there is an absolute right to bail before conviction, except in capital cases. See Henley v. Taylor,324 Ark. 114, 918 S.W.2d 713 (1996); and Duncan v. State, 308 Ark. 205,823 S.W.2d 886 (1992). The procedures for determining bail, including whether any amount of bail will be required, are set forth in Rule 8 of the Arkansas Rules of Criminal Procedure, "Release by Judicial Officer at First Appearance," and Rule 9, "The Release Decision." The Rules of Criminal Procedure were enacted "pursuant to Act 470 of 1971, and in harmony with the Court's constitutional superintending control over all trial courts[.]" In the Matter of Rules of Criminal Procedure,259 Ark. 863, 530 S.W.2d 672 (1975) (per curiam). Since the original promulgation of The Rules of Criminal Procedure, Amendment 80 to the Arkansas Constitution has expressly specified that the Arkansas Supreme Court is vested with "the judicial power" of the state. Ark. Const., amend. 80, § 1. This includes the authority to prescribe the rules of pleading, practice, and procedure for all courts. Id. at § 3. Rule 9.2 of the Arkansas Rules of Criminal Procedure invests judicial officers with the authority to set money bail. Sheriffs are not invested with this power by the applicable Rules. In addition, A.C.A. § 16-84-101(6)(B) (Repl. 2005) states in pertinent part that "no person other than a competent court or magistrate shall fix the amount of bail." *Page 3 
It is clear that both the Rules of Criminal Procedure, promulgated by the Arkansas Supreme Court, and the Arkansas Code, as enacted by the General Assembly, both declare that the duty of fixing the amount of bail, if any at all, rests with a competent court or magistrate. In my opinion, there is no authority for a sheriff to determine the amount of bail required by a criminal defendant for release from law enforcement custody.
If, however, you are asking whether a sheriff may accept payment or deposit of bond that has been properly ordered by a court, in my opinion the answer is "yes." The Arkansas Code specifically authorizes a sheriff to accept payment of bail or bond in certain circumstances. See A.C.A. § 16-13-709(a)(1)(A)(iii) (Supp. 2007) (requiring that the sheriff remain responsible for collecting bail from defendants discharged by the circuit court); A.C.A. § 16-81-109(a)(2) (Repl. 2005) (allowing a judge or magistrate to authorize a sheriff to take bail for a misdemeanor arrestee by "an endorsement made on the warrant to that effect");and A.C.A. § 16-84-102(a)(2) (Repl. 2005) (authorizing a sheriff or deputy sheriff to take bail for any person committed to the "common jail of the county"). In my opinion, a sheriff is authorized under specific circumstances to accept or take bail for the release of an individual held by law enforcement.
With respect to whether a sheriff has the authority to charge a fee to release an individual on their own recognizance, in my opinion the answer is "no." The authority of a sheriff to charge a fee is derived solely from statute. Put another way, absent statutory authority, a sheriff may not impose a fee. The Arkansas Code sets forth the type and amount of fees that a Sheriff may charge. A.C.A. § 21-6-307 (Repl. 2004). This section specifically authorizes a sheriff to charge a twenty dollar ($20.00) fee for the "taking and entering every bail or delivery bond." Id. at (a)(15). This does not appear to be the action you describe. Additionally, Rule 9.1 of the Rules of Criminal Procedure authorizes judicial officers to release a defendant "on his personal recognizance or upon an order to appear." This rule does not grant similar power to sheriffs.
With respect to the authority of a sheriff to release an individual from the "custody" of law enforcement, there are several provisions in the law authorizing that action. First, pursuant to Rule 5.2(b) of the Arkansas Rules of Criminal Procedure, the commanding officer of a facility where a misdemeanant arrestee is taken, such as the sheriff in charge of the county jail, may release the misdemeanant with a citation in lieu of further custody. Additionally, a sheriff is *Page 4 
authorized to allow an emergency furlough of a prisoner under certain circumstances pursuant to A.C.A. § 12-41-104 (Repl. 2003). Finally, the sheriff may release prisoners of a county jail if such a release is necessary to comply with constitutional safeguards or provisions pursuant to A.C.A. § 12-41-503(b) (Supp. 2007).
The Arkansas Rules of Criminal Procedure specifically defines "release on own recognizance" as "the release of a defendant without bail upon his promise to appear at all appropriate times." Ark. R. Crim. P. 5.1(d). An individual will be released on their own recognizance in lieuof entering bail, or a bond. The procedures for emergency furlough under A.C.A. § 12-41-104 and for constitutional compliance under A.C.A. §12-41-503 do not appear to fall within the "release on own recognizance" definition. Rather, these respective statutory provisions authorize a sheriff to release an arrestee without necessarily a promise to appear at appropriate times. The "release on own recognizance" standard appears to apply solely to pretrial detention pursuant to Rule 5 of the Arkansas Rules of Criminal Procedure.
With respect to a release pursuant to Ark. R. Crim. P. 5.2(b), there is no bail required upon release by citation. As noted above, the authority to determine bail is defined in Rule 9 of the Rules of Criminal Procedure. Specifically, Rule 9.1 provides that "at the first appearance, the judicial officer may release the defendant on his personal recognizance or upon an order to appear." However, the first appearance required by the Rules of Criminal Procedure applies only to "[a]n arrested person who is not released by citation or other lawful manner . . ." Ark. R. Crim. P. 8.1. Therefore, an individual who is released by citation, pursuant to Rule 5.2 of the Arkansas Rules of Criminal Procedure, is not subject to a bail requirement.
As such, there is no bail or bond to be taken or entered by the Sheriff triggering the applicability of the fee set out in A.C.A. §21-6-307(a)(15) when an individual is ordered released on his or her own recognizance or released by citation pursuant to Ark. R. Crim. P. 5.2. In my opinion, there is no other potentially applicable fee enumerated in A.C.A. § 21-6-307, nor has my research determined any other fee in a separate code section that would apply. Because the sheriff may only charge fees that are specified in the Arkansas Code, in my opinion, there is no legal authority for a sheriff to charge an individual who is ordered released on his or her own recognizance a fee prior to such a release. *Page 5 
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General